[L.A. No. 30146. In Bank. Mar. 27, 1974.]

CURTIS LEE SLEDGE, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Andreasen, Thompson, Gore, Grosse & O'Neal, Andreasen, Thompson, Gore, Grosse & Wright and David R. Thompson for Petitioner.

No appearance for Respondent.

Edwin L. Miller, Jr., District Attorney, Terry J. Knoepp and Anthony D. Samson, Deputy District Attorneys, for Real Party in Interest.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, Gloria F. DeHart and Rodney J. Blonien, Deputy Attorneys General, as Amici Curiae on behalf of Real Party in Interest.

## OPINION

**MOSK, J.**—This is a companion case to *People* v. *Superior Court (On Tai Ho), ante,* page 59 [113 Cal.Rptr. 21, 520 P.2d 405], also decided this day.

In *On Tai Ho* we hold that the decision to "divert" a defendant into a pretrial rehabilitation program under Penal Code section 1000.2 is a judicial act which cannot be subjected to a prosecutorial veto without violating the constitutional requirement of separation of powers (Cal. Const., art. III, § 3). In the present case we consider whether the same analysis compels us to invalidate the authority of the district attorney under Penal Code section 1000 to make the preliminary determination of eligibility for diversion.[1] We conclude that determination is not an exercise of judicial power, and hence the writ should be denied.

---

[1]Section 1000 provides: "(a) This chapter shall apply whenever a case is before any court upon an accusatory pleading for violation of Section 11500, 11530, 11555, 11556, 11910, or 11990 of the Health and Safety Code and it appears to the district attorney that all of the following apply to the defendant:

"(1) The defendant has no prior conviction for any offense involving narcotics or restricted dangerous drugs.

"(2) The offense charged did not involve a crime of violence or threatened violence.

"(3) There is no evidence of a violation relating to narcotics or restricted dangerous drugs other than a violation of the sections listed in this subdivision.

"(4) The defendant has no record of probation or parole violations.

"(b) The district attorney shall review his file to determine whether or not paragraphs (1) to (4), inclusive, of subdivision (a) are applicable to the defendant."

Section 1000.1, subdivision (a), provides that diversion proceedings shall be instituted "if the district attorney determines [under § 1000] that this chapter may be applicable to the defendant. . . ."

Defendant (petitioner herein) was charged with violations of former Health and Safety Code sections 11500 (possession of narcotics), 11530 (possession of marijuana), and 11556 (being in a place where narcotics are used). Prior to trial he asked to be considered for the diversion program. After reviewing defendant's file, the district attorney refused to initiate diversion proceedings. Defendant then moved the court for an order of referral notwithstanding the district attorney's refusal to act. The court declined to consider the motion on the ground that section 1000 gives the district attorney sole authority to determine eligibility for the program in the first instance. Defendant now seeks a writ of mandate to compel the court to entertain his motion or to require the district attorney to institute diversion proceedings.

The procedural steps set forth in the diversion statutes (Pen. Code, §§ 1000-1000.4) are discussed in detail in *On Tai Ho.* (*Ante*, pp. 62-63.) We there characterize the operation of section 1000 as "a preliminary screening for eligibility conducted by the district attorney under standards prescribed by the statute." (*Ante*, p. 62.) We further point out that if it appears the defendant may be eligible, "the process of adjudication begins." (*Ibid.*) We now hold what we there imply, i.e., that the district attorney's determination of eligibility under section 1000 is not a judicial act.

Our conclusion is predicated on the nature of the information required in order to determine eligibility under section 1000. The four numbered subsections of subdivision (a) of the statute (fn. 1, *ante*) prescribe the factual showing necessary to support the initiation of diversion proceedings: the defendant must have no prior narcotics conviction (subsec. (1)) and no probation or parole violations (subsec. (4)); the offense charged must not involve actual or threatened violence (subsec. (2)); and there must be no evidence of his commission of a narcotics offense other than those listed in the statute (subsec. (3)).

We examine first the source of this information. Whether the defendant has prior narcotics convictions or probation or parole violations can be determined only by examination of various records of his personal history maintained by such agencies as the Federal Bureau of Investigation, the California Bureau of Criminal Identification and Investigation, the Department of Corrections, and local law enforcement organizations. Whether the present offense involved actual or threatened violence, and whether there is evidence of the commission of a narcotics offense other than those listed in section 1000, can be established only by consideration of oral or written reports on the defendant's current conduct by such persons

as investigating officers, arresting officers, victims, witnesses, accomplices, and possibly the defendant himself. Much of this information eventually may be imparted to the court, either in the testimony taken at the trial or in the probation report prepared after conviction. But none of it is known to the court at the time here relevant, i.e., before the trial, when the defendant seeks to invoke the diversion process. At that time the necessary documents and reports are in the district attorney's possession, or can be obtained by him. Indeed, subdivision (b) of section 1000 specifically directs the district attorney to "review his file" to determine the existence *vel non* of these facts. As defendant states in his supplemental brief, "the sole reason the district attorney was selected as a screening agent in the initial processing of Penal Code [section] 1000 applicants was because he was the *only* public official in receipt of the information needed to so refer."

Secondly, we note the manner in which this information is used. In *On Tai Ho* (*ante,* pp. 66-68) we emphasize that at the formal diversion hearing mandated by section 1000.2 the trial court is called upon to "consider" the evidence submitted—i.e., to weigh its materiality, relevance, credibility, and persuasiveness, and to decide whether, in the judgment of the court, the evidence justifies the conclusion that the defendant would be benefited by diversion into a program of education, treatment, or rehabilitation. These, we hold, are judicial acts. (*Ante,* p. 66.) By contrast, in discharging his duties under section 1000 the district attorney need not decide what facts are material and relevant to eligibility, as the Legislature has specified them in the statute. Credibility is not an issue when the information is obtained from official records and reports. And the statute leaves no room for weighing the effect of the facts: if for example the defendant has a prior narcotics conviction, subsection (1) of subdivision (a) of the statute automatically excludes him from the program. There is no provision here, as there was in the statutes considered in *People* v. *Navarro* (1972) 7 Cal.3d 248 [102 Cal.Rptr. 137, 497 P.2d 481], and *People* v. *Clay* (1971) 18 Cal.App.3d 964 [96 Cal.Rptr. 213], for the exercise of judicial discretion to admit an otherwise ineligible defendant to the program "in the interests of justice," and therefore no risk of arbitrary prosecutorial refusal to concur in that decision.

Defendant contends, however, that subsection (3) of subdivision (a) vests the district attorney with a broad discretion not found in the other three subsections of the statute (fn. 1, *ante*). It is argued that in determining whether there is "evidence" of the commission of a narcotics offense other than simple possession the district attorney can rely on a mere sus-

picion of illegal activity, and that his determination of ineligibility on that ground is not subject to judicial review. Neither point is well taken. Subsection (3) is intended by the Legislature to render ineligible for the diversion program a relatively limited class of persons, i.e., those who are dealing in illegal narcotics but who have never previously been convicted of any drug offense[2] and whom the district attorney cannot or does not choose to charge with trafficking.[3] ■ The statute specifies there must be "evidence" that the defendant is a member of that class before he can be excluded. "Evidence," of course, means more than mere suspicion or rumor; it means, in this context, reports of actual instances of trafficking or other information showing that the defendant has probably committed narcotics offenses in addition to those listed in the statute.[4]

Defendant complains that portions of such evidence are hearsay. In this screening process, however, the district attorney's inquiry need not be limited to information admissible at a full-fledged criminal trial. The files of the district attorney ordinarily include relevant hearsay information derived from investigations into criminal activity; yet as noted above, subdivision (b) of the statute expressly directs him to consult that source in determining eligibility for diversion.

■ Secondly, the decision of the district attorney that a defendant is ineligible on this ground is subject to judicial review at the proper time. A pretrial writ of mandate or prohibition will not lie, as the determination is purely preliminary and there is no indication the Legislature intended the prosecution to be interrupted for interlocutory review of this issue (compare Pen. Code, §§ 999a, 1538.5).[5] But if the defendant goes to trial and is

[2]A defendant with a prior narcotics conviction is excluded on that ground alone by subsection (1).

[3]For example, the district attorney may believe he does not yet have enough evidence to convict of the latter offense, or he may have charged simple possession as part of a plea bargain.

[4]Thus in the case at bar the district attorney correctly determined that defendant was ineligible for diversion because there was evidence in his files that defendant was a dealer in drugs and not merely a first-time possessor. Defendant's "rap sheet" disclosed that in the same community he had been convicted of carrying a concealed weapon and had several times been arrested for possession of marijuana. Two narcotics detectives filed a report stating they had frequently observed defendant in the company of known drug dealers, and had repeatedly been advised both by their informants and by ordinary citizens that defendant was in fact trafficking in narcotics. On the present occasion defendant was arrested for knowingly being in a place where narcotics were unlawfully being used; and although he was charged with possession of a bindle of heroin, he lacked any physical symptoms of heroin usage himself. The picture which clearly emerges is not of the neophyte narcotics user which the statute was intended to reach.

[5]In the case at bar we permitted the issue to be raised by petition for extraordinary writ because of the need for a prompt and definitive resolution of this constitutional

convicted, he may raise on appeal the question whether there was "evidence," as defined herein, of his commission of other narcotics offenses within the meaning of subsection (3) of subdivision (a);[6] if the defendant prevails, the judgment must be set aside and the case remanded to permit the trial court to exercise its discretion to divert the defendant under the remaining portions of the statute.

■ We conclude that the preliminary screening for eligibility conducted by the district attorney pursuant to section 1000, based on information peculiarly within his knowledge and in accordance with standards prescribed by the statute, does not constitute an exercise of judicial authority and hence does not violate the constitutional requirement of separation of powers.[7]

The alternative writ is discharged and peremptory writ is denied.

Wright, C. J., McComb, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.

**CLARK, J.**—I concur in the judgment and that part of the opinion stating the district attorney's determination of eligibility under section 1000 is not a judicial act.

---

challenge to a new statutory program. (Cf. *San Francisco Unified School Dist.* v. *Johnson* (1971) 3 Cal.3d 937, 944-945 [92 Cal.Rptr. 309, 479 P.2d 669].)

[6]In order for this review to be effective, of course, an adequate record is necessary. Accordingly, at the time the district attorney determines the defendant is ineligible for diversion he should serve on the defendant and file with the court a declaration stating the ground upon which that determination is based and the evidence in support thereof.

[7]The presence of these statutory standards also refutes defendant's final claim that section 1000 denies him due process of law; and inasmuch as the resulting ineligibility of persons who have a history of drug abuse or crimes of violence is rationally related to the purposes of this legislation identified in *On Tai Ho* (*ante,* p. 59), no denial of equal protection is shown.