[Crim. No. 12351. First Dist., Div. Four. Feb. 4, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
DONNA JEAN HAYCOCK, Defendant and Appellant.

COUNSEL

Rhodes & Sherrod and J. Thomas Sherrod for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Gloria F. DeHart and Alvin J. Knudson, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

CHRISTIAN, J.—Donna Jean Haycock appeals from a probation order entered after a jury found her guilty of possessing marijuana (Health & Saf. Code, § 11530) and not guilty of possessing dangerous drugs (Health & Saf. Code, § 11910).

Appellant and several other persons were arrested on October 31, 1971, and an information was filed on May 31, 1972. Appellant pleaded not guilty on June 5, 1972, and trial commenced on April 16, 1973.

After the jury returned its verdict, appellant moved for new trial, complaining that the district attorney had failed to advise the defense or the court of appellant's eligibility for diversion under Penal Code section 1000. The judge stated the view that the request for diversion was timely, but denied the motion for new trial "after reviewing the entire case."

The sole issue on appeal is whether appellant was entitled to the diversion treatment provided for first-time drug offenders under Penal Code section 1000 et seq. Section 1000 states: "(a) This chapter shall apply whenever a case is before any court upon an accusatory pleading for violation of Section 11500, 11530, 11555, 11556, 11910, or 11990 of the Health and Safety Code and it appears to the district attorney that all of the following apply to the defendant: (1) The defendant has no prior conviction for any offense involving narcotics or restricted dangerous drugs. (2) The offense charged did not involve a crime of violence or threatened violence. (3) There is no evidence of a violation relating to narcotics or restricted dangerous drugs other than a violation of the sections listed in this subdivision. (4) The defendant has no record of probation or parole violations. (b) The district attorney shall review his file to determine whether or not paragraphs (1) to (4), inclusive, of subdivision (a) are applicable to the defendant."

■ Appellant contends that under section 1000, subdivision (b), the prosecutor should have reviewed appellant's file to determine whether she was eligible for diversion even though the diversion statute did not take effect until December 15, 1972, six months after appellant pleaded "not guilty." The diversion procedure is applicable whenever "a case is before any court upon an accusatory pleading" for one of the appropriate narcotics charges. (Pen. Code, § 1000, subd. (a).) An "accusatory pleading" is defined in Penal Code section 691 as "an indictment, an information, an accusation, a complaint filed with a magistrate charging a public offense of which the superior court has original trial jurisdiction, and a complaint filed with an inferior court charging a public offense of which such inferior court has original trial jurisdiction." The "accusatory pleading" in appellant's case was the information which was filed six months before the effective date of the statute; she obviously was not entitled to review for diversion at that time. Commencement of the diversion process would have been proper during the interval of time after the statute took effect but before the trial began, had either the district attorney or appellant's counsel taken the initiative and if appellant had thereupon been found to be eligible. Had appellant demanded consideration for diversion after December 15, 1972, but before trial, and the district attorney had refused to comply with section 1000, appellant could properly raise the issue on appeal. (*Sledge* v. *Superior Court* (1974) 11 Cal.3d 70, 75 [113 Cal.Rptr. 28, 520 P.2d 412].)

Here the prosecutor did not, as in *Sledge*, reject a request to initiate pretrial diversion proceedings. Instead, possibly through inadvertence, he neglected to take the initiative as he should have, between the time

the new statute became effective and the commencement of the trial. Unlike the defendant in *Sledge,* appellant did not make a timely request for consideration of diversion; instead, she allowed the case to proceed to trial. Penal Code section 1001.1, subdivision (a) provides that if a defendant consents to diversion he must waive his right to speedy trial, whereupon the prosecutor is to refer the case to the probation department. This provision evidently contemplates *pre*-trial rather than *post*-trial diversion. (See *Morse* v. *Municipal Court* (1974) 13 Cal.3d 149, 156 [118 Cal.Rptr. 14, 529 P.2d 46].)

The *Sledge* decision nevertheless anticipates post-trial diversion whenever a judgment has been reversed because of the prosecutor's erroneous refusal to report potential eligibility. While it is conceptually anomalous to reverse a judgment, *after* a trial, in order to permit consideration of *pre*-trial diversion, that formulation was adopted in order to provide for appellate review of the prosecutor's refusal to report the defendant's eligibility for diversion (11 Cal.3d at p. 75). No such review is called for in the present case, where the prosecutor did not reject a request to act; there was indeed no prosecutorial decision to be reviewed.

In drawing from the statute a procedural scheme to provide for situations as to which the statute is silent, it is appropriate to conform to the legislative purpose evidenced by the enactment. (*Morse* v. *Municipal Court, supra,* 13 Cal.3d at p. 156.) To adopt the construction proposed by appellant would render subject to attack not only other cases pending for trial when the statute became effective, in which a prosecutor should have considered initiating diversion. Future cases would also be affected: whenever a prosecutor neglects to refer for diversion a defendant who is eligible for such treatment the defendant could remain silent and, if found guilty at trial, exercise an automatic right to have the case moved back to the pretrial stage for consideration of diversion. This prospect is not merely fanciful: each of the criteria specified in section 1000, *supra,* is reasonably subject to differences in application to diverse facts. It does not appear to us to be consistent with the purposes of the diversion statute to permit a defendant to wait until after trial to initiate a request for diversion.

The probation order is affirmed.

Caldecott, P. J., and Emerson, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 2, 1975.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.