Opinion
 

 THE COURT.
 
 *
 

 —Petitioner filed a petition for writ of prohibition on September 2, 1977, alleging that the respondent court lacked jurisdiction to hold a hearing to determine whether the real parties in interest, Gaiy Hayle and Jean Barclay, intended to cultivate marijuana for personal use within the meaning of the diversion statute (Pen. Code, § 1000 et seq.). On September 2 we ordered all further proceedings in the trial court stayed pending filing of points and authorities in opposition to the petition and further order of this court. Opposition by real parties in interest was filed on October 14, 1977.
 

 The trial court is without jurisdiction to hold a hearing to determine whether the charged offense of cultivation of marijuana is a divertible offense within the meaning of section 1000 of the Penal Code. It is the district attorney’s function to do the preliminary screening to determine eligibility for diversion. (Pen. Code, § 1000, subds. (a), (b);
 
 Sledge
 
 v.
 
 *606
 

 Superior Court
 
 (1974) 11 Cal.3d 70, 75 [113 Cal.Rptr. 28, 520 P.2d 412].) His decision is not subject to judicial review prior to trial.
 
 (Id.,
 
 at pp. 75-76.)
 

 Application for writ of prohibition having been made on due notice to respondent and the real parties in interest and the latter having filed opposition thereto, this court may issue a peremptory writ without prior issuance of an alternative writ. (Code Civ. Proc., §§ 1088, 1105; cf.
 
 Goodenough
 
 v.
 
 Superior Court
 
 (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)
 

 Let a peremptory writ issue directing the respondent court to refrain from proceedings to determine the intended use of the marijuana which real parties in interest are charged with cultivating. To the extent the stay previously issued affects the hearing to which the writ is directed, it is continued pending finality of this opinion. In all other respects, the stay is discharged.
 

 *
 

 Before Puglia, P. J., Friedman, J., and Evans, J.