[Crim. No. 12717. Third Dist. Dec. 8, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
DUANE KEITH HUDSON et al., Defendants and Appellants.

COUNSEL

Erma L. Walters and Lynn Hubbard III for Defendants and Appellants.

John K. Van de Kamp, Attorney General, Eddie T. Keller and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**SPARKS, J.**—These appeals follow jury verdicts finding both defendants guilty of the lesser included offense of possession of marijuana (Health & Saf. Code, § 11357, subd. (c)), a misdemeanor. Defendants argue that in light of their conviction of divertible offenses they are entitled to have the judgments reversed so that the trial judge can reconsider their diversion applications. We reject that argument and shall affirm the judgments.

FACTS

On October 26, 1982, separate informations were filed charging defendants Duane Keith Hudson and Frederick Lawrence Hudson with the felony offenses of possession of marijuana for sale (Health & Saf. Code, § 11359) and possession of cocaine (Health & Saf. Code, § 11350). On October 27, 1982, defendants were arraigned and entered not guilty pleas to the charges.

On the same date, both cases were consolidated for trial and an oral motion for diversion made on behalf of both defendants was denied.[1]

On January 10, 1983, trial by jury commenced and on January 11, 1983, the jury returned verdicts finding both defendants guilty of misdemeanor possession of marijuana (Health & Saf. Code, § 11357, subd. (c)), a lesser included offense of the crime of possession of marijuana for sale, and not guilty of the crime of possession of cocaine. On February 17, 1983, the trial court placed defendant Duane Hudson on probation for a period of one year on various terms and conditions, and sentenced defendant Fredrick Hudson to six months in the county jail.

The facts leading to defendants' arrests were as follows. On July 15, 1982, at about 3:45 p.m., officers of the Paradise Police Department conducted a search of the residence of Duane and Frederick Hudson pursuant to a properly issued search warrant. While both appellants were present, officers seized about four ounces of marijuana found on a shelf in a kitchen closet. Also found on the same shelf were empty plastic baggies, an Oharis triple beam balance scale, and a sheet bearing names and various figures.

At trial defendants claimed that both possessed the marijuana for personal use and that defendant Frederick Hudson had been loaned the scale the day before the search in order to divide up the four ounces of marijuana he was going to purchase. Defendants also claimed that the marijuana had been purchased one hour before the search and that the sheet bearing names and figures was in fact a record of money other people owed them for automotive work or automotive parts.

### DISCUSSION

Defendants' sole contention on appeal is that the judgments should be set aside and their motion for drug diversion reconsidered since they were only convicted of possession of marijuana, an offense making them statutorily eligible for diversion.

Penal Code sections 1000 to 1000.5 authorize the court to "divert" from the normal criminal process persons who are formally charged with first

---

[1] At the hearing on that motion, the district attorney argued: "As you will note, both defendants are filed or charged in count I with possession of 11359 of the Health and Safety Code, unlawful possession for sale of marijuana. That in and of itself makes the defendant ineligible for diversion because it is not a divertible offense."

Counsel for Frederick Hudson responded: "I think that is an accurate recital of the law."

time possession of drugs, have not yet gone to trial, and are found to be suitable for treatment and rehabilitation at the local level. (*People v. Superior Court (On Tai Ho)* (1974) 11 Cal.3d 59, 61 [113 Cal.Rptr. 21, 520 P.2d 405].) Section 1000 sets forth two general criteria of eligibility for judicial consideration of diversion. First, the offense, as charged, must come within the enumerated list of controlled substance offenses. Second, the district attorney must determine the defendant meets the conditions set forth in subdivisions (a)(1) through (a)(6).[2] If these criteria are met and the defendant waives a speedy trial (Pen. Code, § 1000.1), the court must determine, following a hearing, whether to divert that defendant (Pen. Code, § 1000.2).

In the present case possession of marijuana for sale (Health & Saf. Code, § 11359), is not an offense included in the list of divertible offenses set forth in Penal Code section 1000, subdivision (a), and therefore, at the time of their motion for diversion, defendants were ineligible for diversion under the first criterion, i.e., they were charged with a nondivertable offense. The statutory scheme of Penal Code section 1000 et seq. reveals that diversion is a *pretrial* alternative to further prosecution. (*People v. Superior Court (On Tai Ho), supra,* 11 Cal.3d at p. 61; *Morse v. Municipal Court* (1974) 13 Cal.3d 149, 160 [118 Cal.Rptr. 14, 529 P.2d 46].) Prior to their trial, defendants were never eligible for diversion.

Both defendants rely on *Sledge v. Superior Court* (1974) 11 Cal.3d 70 [113 Cal.Rptr. 28, 520 P.2d 412] to support their appeals. In *Sledge,* de-

---

[2]Penal Code section 1000 provides: "(a) This chapter shall apply whenever a case is before any court upon an accusatory pleading for violation of Section 11350, 11357, 11364, 11365, 11377, or 11550 of the Health and Safety Code, or Section 11358 of the Health and Safety Code if the marijuana planted, cultivated, harvested, dried, or processed is for personal use, or Section 381 or subdivision (f) of Section 647 of the Penal Code, if for being under the influence of a controlled substance, or Section 4230 of the Business and Professions Code, and it appears to the district attorney that, except as provided in subdivision (b) of Section 11357 of the Health and Safety Code, all of the following apply to the defendant: [¶] (1) The defendant has no conviction for any offense involving controlled substances prior to the alleged commission of the charged divertible offense. [¶] (2) The offense charged did not involve a crime of violence or threatened violence. [¶] (3) There is no evidence of a violation relating to narcotics or restricted dangerous drugs other than a violation of the sections listed in this subdivision. [¶] (4) The defendant's record does not indicate that probation or parole has ever been revoked without thereafter being completed. [¶] (5) The defendant's record does not indicate that he has been diverted pursuant to this chapter within five years prior to the alleged commission of the charged divertible offense. [¶] (6) The defendant has no prior felony conviction within five years prior to the alleged commission of the charged divertible offense. [¶] (b) The district attorney shall review his file to determine whether or not paragraphs (1) to (6), inclusive, of subdivision (a) are applicable to the defendant. If the defendant is found ineligible, the district attorney shall file with the court a declaration in writing or state for the record the grounds upon which the determination is based, and shall make this information available to the defendant and his attorney."

fendant was charged with divertible offenses but was denied diversion under former Penal Code section 1000, subdivision (a), because the district attorney determined that defendant was otherwise ineligible under the statute. The court held that the district attorney's authority to make the preliminary determination of eligibility for diversion did not constitute an exercise of judicial power and hence did not violate the constitutional requirement of separation of powers. The court further held: "A pretrial writ of mandate or prohibition will not lie, as the determination is purely preliminary and there is no indication the Legislature intended the prosecution to be interrupted for interlocutory review of this issue (compare Pen. Code, §§ 999a, 1538.5). But if the defendant goes to trial and is convicted, he may raise on appeal the question whether there was 'evidence,' as defined herein, of his commission of other narcotics offenses within the meaning of subsection (3) of subdivision (a); if the defendant prevails, the judgment must be set aside and the case remanded to permit the trial court to exercise its discretion to divert the defendant under the remaining portions of the statute." (*Id.*, at pp. 75-76; fns. omitted.) Defendants' arguments are more or less identical: logic requires that *Sledge* be extended from the situation where a district attorney refuses to institute diversion proceedings based on statutory grounds other than the charged crime to the situation where a district attorney overcharges a defendant with a nondivertible offense and the jury returns a verdict for a divertible offense only. In the latter case, so the argument goes, the judgment must be set aside and the case remanded for reconsideration of diversion.

We are not convinced by defendants' argument. We first distinguish *Sledge*: whereas defendant in *Sledge* was initially charged with a divertible offense, defendants here were charged with a nondivertible offense, possession of marijuana for sale. In the present case, unlike *Sledge,* the district attorney never reached the exclusions contained in the enumerated paragraphs of subdivision (a) of Penal Code section 1000.

Second, *Sledge* held that the decision by the district attorney not to initiate diversion was subject to judicial review on appeal from a conviction. We are not impelled to apply the same rule here where a magistrate determined that sufficient evidence existed to establish that there was reasonable or probable cause to hold defendants to answer for the nondivertible crimes charged. As the court in *People* v. *Superior Court (On Tai Ho), supra,* 11 Cal.3d at pages 66-67, observed, citing *Esteybar* v. *Municipal Court* (1971) 5 Cal.3d 119, 127 [95 Cal.Rptr. 524, 485 P.2d 1140], " 'Within the statutory framework, the magistrate at a preliminary hearing acts as an independent arbiter of the issues presented by the adversaries. He weighs evidence, resolves conflicts and gives or withholds credence to particular witnesses

[citation], and just as these are judicial acts, so is the act of holding a defendant to answer. . . .' "[3]

The justification in *Sledge* for posttrial judicial review of a district attorney's decision not to institute diversion procedures, namely, that there is no opportunity for pretrial review, is nonexistent where an information charging nondivertible offenses has been filed. Pretrial review is available under Penal Code section 995, subdivision (a)(2).[4] Further, we note Penal Code section 996: "If the motion to set aside the indictment or information is not made, the defendant is precluded from afterwards taking the objections mentioned in section 995."

Finally, we observe that defendants in the instant case did not move under section 995 to set aside the informations and do not argue on appeal that the informations should have been set aside. Notwithstanding defendants' prudence in not challenging the informations at this late date, the fact remains that they did not avail themselves of an opportunity, not open to the defendant in *Sledge*, for pretrial review of their diversion denials. In short, the rationale of *Sledge* does not apply to this case and cannot therefore be extended to it.

---

[3]We also distinguish our decision in *People* v. *Williamson* (1982) 137 Cal.App.3d 419 [187 Cal.Rptr. 107]. In *Williamson* defendant pled guilty to cultivation of marijuana in violation of Health and Safety Code section 11358. The court observed that because the statute did not make the intended use of the cultivated marijuana an element of the offense, the qualifying condition for diversion under Penal Code section 1000, that the cultivation be for "personal use," could not be determined on the face of the pleadings. (*Id.*, at p. 422.) The district attorney declined to initiate diversion proceedings based on his own determination that the amount of marijuana seized exceeded an amount consistent with personal use. We held that determination of the intended use of cultivated marijuana was consigned to the trial court as part of the diversion hearing conducted pursuant to Penal Code section 1000.2. (*Ibid.*)

We reasoned: "But determining the operative fact of 'personal use' predicates the resolution of conflicting inferences of intended use, a judicial function. The claimed authority to determine a commercial use under subdivision (a)(3) of section 1000 thus conflicts with the judicial authority to resolve conflicting inferences of intended use under section 1000.2 since it precedes and therefore preempts the judicial function. The judicial function must be preserved and, a fortiari, prevail. . . . [¶] The trial court, by action of the district attorney, was deprived of the opportunity to exercise its authority to determine the defendant's intended use of the cultivated marijuana." (*Id.*, at p. 423.)

Here, unlike *Williamson*, a magistrate performed the judicial task of determining that sufficient evidence existed to hold defendants to answer for the nondivertible offense of possession of marijuana for sale.

[4]Penal Code section 995, subdivision (a)(2) provides: "(a) Subject to subdivision (b) of Section 995a, the indictment or information shall be set aside by the court in which the defendant is arraigned, upon his or her motion, in either of the following cases: . . . [¶] (2) If it is an information: [¶] (A) That before the filing thereof the defendant had not been legally committed by a magistrate. [¶] (B) That the defendant had been committed without reasonable or probable cause."

The judgments, including the order granting probation, are affirmed.

Puglia, P. J., and Evans, J., concurred.

The petition of appellant Frederick Hudson for a hearing by the Supreme Court was denied February 29, 1984.