[No. H006399. Sixth Dist. Oct. 31, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
KIP WAYNE McALISTER, Defendant and Appellant.

COUNSEL

Robert Derham, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Aileen Bunney and Christopher J. Wei, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

CAPACCIOLI, Acting P. J.—

*Summary*

Defendant appeals after he pled guilty to possession of cocaine (Health & Saf. Code, § 11350, subd. (a)), and was placed on probation for three years on condition he serve ninety days in jail. On appeal defendant argues the trial court erred by refusing to consider the merits of his motion to compel diversion. (Pen. Code, § 1000 et seq.) Alternatively, defendant contends the district attorney's determination that he was ineligible for diversion was erroneous because there was insufficient evidence that he possessed the

cocaine for sale. (Pen. Code, § 1000, subd. (a)(3).) As these contentions lack merit we will affirm.

## Facts and Proceedings

The facts supporting the district attorney's refusal to initiate diversion proceedings are undisputed. As part of a lawful investigation of defendant's bedroom a sheriff's deputy discovered and seized a plastic sifter with white powder residue on the screen, a metal sifter, two small scales, four small straws, several small coin bags (two of which had white powder residue), one plastic smoking pipe, two razor blades, three small glass vials with white powder residue, one empty small glass vial, two empty paper bindles and two other bindles containing .13 gram and .14 gram of cocaine respectively.

Defendant was charged by information with possession of cocaine. After the district attorney declined to initiate diversion proceedings, defendant filed a motion to compel diversion on the grounds that he qualified therefor and that the district attorney did not have sufficient evidence indicating defendant possessed the cocaine for sale. The district attorney opposed the motion and argued that defendant was not entitled to pretrial review of the district attorney's ineligibility determination and that in any event there was evidence that defendant possessed the cocaine for sale. That evidence consisted of the paraphernalia and cocaine found in defendant's bedroom, set forth above.

The trial court agreed with the district attorney's initial argument and declined to review the determination that defendant was ineligible for diversion. After his motion was denied defendant pled guilty and was sentenced as set forth above.

## Analysis

### Penal Code Section 1000

■ "Penal Code section 1000 provides eligibility criteria for diversion of drug offenders from prosecution for purposes of education and treatment. Section 1000 sets forth two general criteria of eligibility for judicial consideration of diversion. First, the offense, as charged, must come within an enumerated list of controlled substance offenses. Second, the district attorney must determine the defendant meets the conditions set forth in subdivisions (a)(1)-(a)(6)." (*People* v. *Williamson* (1982) 137 Cal.App.3d 419, 421 [187 Cal.Rptr. 107], fn. omitted.) One of the latter conditions is that "[t]here is no evidence of a violation relating to narcotics or restricted

dangerous drugs other than a violation of the sections listed in this subdivision." (Pen. Code, § 1000, subd. (a)(3).)

*Pretrial Review*

Defendant met the first criterion of diversion because the crime with which he was charged—possession of cocaine—is one of the enumerated crimes for which diversion is permissible. (Pen. Code, § 1000, subd. (a).)

The dispute herein centers on whether defendant was disqualified from diversion because he failed to meet the second criterion, namely, that there was no evidence of a nondivertible drug offense, which in this case was possession of cocaine for sale. The district attorney refused to initiate diversion proceedings because he concluded there was evidence that the cocaine was possessed for sale. Defendant disagreed with this determination. Since there was a legitimate factual conflict whether the cocaine was possessed for sale or merely for personal use, defendant proposes the trial court was required to resolve the dispute before the criminal prosecution could continue.

This argument is contrary to established authority. Penal Code section 1000 imposes on the district attorney the duty to determine whether the eligibility requirements for diversion are met based on the information contained in the district attorney's file. (*People* v. *Hayes* (1985) 163 Cal.App.3d 371, 374 [209 Cal.Rptr. 441].) The determination of the district attorney that a defendant is ineligible for diversion because there is evidence of a violation of a nondivertible offense is not subject to pretrial judicial review. (*Sledge* v. *Superior Court* (1974) 11 Cal.3d 70, 75 [113 Cal.Rptr. 28, 520 P.2d 412].) Such a determination is a mere preliminary screening for eligibility and not an exercise of judicial power. (*Id*. at pp. 72, 75.) "But if the defendant goes to trial and is convicted, he may raise on appeal the question whether there was 'evidence,' as defined herein, of his commission of other narcotics offenses within the meaning of subsection (3) of subdivision (a); if defendant prevails, the judgment must be set aside and the case remanded to permit the trial court to exercise its discretion to divert the defendant under the remaining portions of the statute." (*Id*. at pp. 75-76, fn. omitted.) A defendant may also raise the issue on appeal from a judgment of conviction after a plea of guilty. (*People* v. *Hayes, supra*, 163 Cal.App.3d 371, 373.) In sum, defendant was not entitled to pretrial judicial hearing to contest the prosecutor's determination in this case.

Defendant relies on *People* v. *Williamson, supra*, to support his claim to pretrial judicial review. *Williamson* is distinguishable because in that case the offense with which defendant was charged (Health & Saf. Code, § 11358

[planting, cultivating, etc., any marijuana]) did not correspond with the divertible offense (Pen. Code, § 1000, subd. (a) [planting, cultivating, etc., marijuana *for personal use*].) Due to this statutory anomaly, the Court of Appeal held that the trial court had authority to conduct an evidentiary hearing to ascertain the "operative fact" whether the marijuana was for personal use. No such statutory anomaly exists in the present case for here the charged offense was identical with the one specified in Penal Code section 1000, subdivision (a). We also reject the suggestion in *Williamson* that the question whether there is evidence of other narcotics offenses (Pen. Code, § 1000, subd. (a)(3)) raises a factual issue to be determined by the trial court in the first instance. (137 Cal.App.3d 419, 422-423.) As this conclusion is directly contrary to the Supreme Court's holding in *Sledge* v. *Superior Court, supra*, 11 Cal.3d 70, 72-75, we decline to follow it. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 460 [20 Cal.Rptr. 321, 369 P.2d 937].)

*Sufficiency of the Evidence*

■ Turning to the merits, defendant argues the evidence submitted below was insufficient to support the district attorney's determination that defendant was ineligible because he possessed the cocaine for sale.

In *Sledge* v. *Superior Court, supra*, 11 Cal.3d 70, the Supreme Court defined the "evidence" required to support the district attorney's ineligibility determination as "more than mere suspicion or rumor; it means, in this context, reports of actual instances of trafficking or other information showing that the defendant has probably committed narcotics offenses in addition to those listed in the statute." (*Id.* at p. 75, fn. omitted; accord *People* v. *Hayes, supra*, 163 Cal.App.3d 371, 374.)

While there was no evidence of actual trafficking, the evidence discovered at defendant's residence was sufficient to support the district attorney's determination that defendant had probably engaged in sales of cocaine. The issue is a close one, since many of the usual indicia of drug sales were missing, such as significant quantities of contraband, cash, diluting agents, or packaging. The absence of these items, however, is not determinative since the district attorney need not have information sufficient to prove possession for sale in order to file a declaration of diversion ineligibility. (*Sledge* v. *Superior Court, supra*, 11 Cal.3d 70, 75, fn. 3.) The evidence was not entirely consistent with personal use only. While it is possible that a personal user might be found in possession of a scale and perhaps a sifter, here defendant had two each of these items, in addition to two cocaine bindles and two coin bags and three glass vials with white powder residue. Defendant was also found in possession of two empty bindles, several empty

coin bags, and one empty small glass vial. It was reasonable for the district attorney to infer that the items with white powder residue had been used by defendant in past sales of cocaine and that the items without residue would be used in future sales. Furthermore, although the amount of cocaine seized was relatively small, it arguably could have supported a possession for sale conviction. (Cf. *People* v. *Ballard* ∎ (Cal.App.); *People* v. *Wesley* (1986) 177 Cal.App.3d 397, 399-400 [223 Cal.Rptr. 9]; *People* v. *Morales* (1968) 259 Cal.App.2d 290, 295 [66 Cal.Rptr. 234].) *A fortiori*, it was sufficient to support the ineligibility determination.

### Disposition

The judgment is affirmed.

Elia, J., and Bamattre-Manoukian, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 24, 1991. Mosk, J., Broussard, J., and Kennard, J., were of the opinion that the petition should be granted.