*70 GODOY PEREZ, J., Concurring.
I concur in the majority’s conclusion that petitioner’s sole remedy for challenging the finding that he was ineligible for deferred entry of judgment is by postconviction appeal. (Pen. Code, § 1000, subd. (b).)[1]
I write separately, however, to emphasize it remains an open question whether the trial court properly denied petitioner’s request for deferred entry of judgment since petitioner arguably meets the statutory criteria. First, there is no evidence petitioner has suffered any prior controlled substance convictions. (§ 1000, subd. (a)(1).) Second, there is no evidence the alleged current offense involved violence. (§ 1000, subd. (a)(2).) Third, the alleged current offense involved no other controlled substances besides the cocaine at issue. (§ 1000, subd. (a)(3).) Fourth, there is no indication petitioner has previously failed probation or parole. (§ 1000, subd. (a)(4).) Fifth, there is no evidence he has participated' in a drug diversion or deferred entry of judgment program in the last five years. (§ 1000, subd. (a)(5).) And sixth, there is no indication he has been convicted of any felony in the last five years. (§ 1000, subd. (a)(6).)
Despite seemingly satisfying the statutory criteria for deferred entry of judgment, the trial court relied on three prior conviction allegations under “Three Strikes” to deny petitioner’s request for deferred entry of judgment. In my mind, it is an unsettled question whether Three Strikes was properly applied here. Resolution of that question must await, however, the development of a fuller record and briefing when, and if, petitioner is convicted. (§ 1000, subd. (b) [provides right of postconviction appeal from denial of deferred entry of judgment]; see also People v. Hayes (1985) 163 Cal.App.3d 371, 375 [209 Cal.Rptr. 441] [if defendant goes to trial and is convicted, he may raise on appeal whether court properly refused to defer entry of judgment, and if he prevails on appeal, the judgment must be set aside and the case remanded to permit the trial court to exercise its discretion to defer entry of judgment]; People v. McAlister (1990) 225 Cal.App.3d 941, 944 [275 Cal.Rptr. 229] [same].) Accordingly, I concur in the majority’s decision to dismiss the petition for writ of mandate without reaching the merits of petitioner’s claim.
Petitioner’s application for review by the Supreme Court was denied July 15, 1998.

All statutory references are to the Penal Code unless otherwise indicated.