[No. F033825. Fifth Dist. Aug. 14, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY JOHN STURIALE, Defendant and Appellant.

**COUNSEL**

Christopher Blake, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney, Michael J. Weinberger and Brett H. Morgan, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GILDNER, J.**[*]—Anthony John Sturiale, appellant, contends: (1) the trial court erred when it concluded it could not "overrule" the prosecution's determination he was ineligible for the deferred entry of judgment process (Pen. Code,[1] §§ 1000-1000.4); (2) *People v. Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396] (*Harvey*) precludes the use of the circumstances giving rise to a dismissed count when determining eligibility for deferred entry of judgment; and (3) an admission to a prior "strike" (§ 667, subd. (d)) does not render a defendant ineligible for deferred entry of judgment. Because we conclude the court committed no error as to issues (1) and (2), we affirm the judgment and decline to reach issue number (3).

On June 15, 1999, Sturiale was charged in a felony complaint as follows: count 1, transportation of methamphetamine (Health & Saf. Code, § 11379), count 2, possession of methamphetamine (Health & Saf. Code, § 11377), and count 3, possession of narcotics paraphernalia. (Health & Saf. Code, § 11364.) It was further alleged that in 1992 Sturiale had suffered a prior felony conviction for a violation of section 289, subdivision (a) (forcible act of sexual penetration). The prior was alleged both under section 667.5, subdivision (b), and as a strike under section 667, subdivision (d).

Less than a month later, Sturiale entered a plea of guilty to count 2 and admitted the strike. Counts 1 and 3 were dismissed. The allegation made pursuant to section 667.5, subdivision (b) was struck. Under the terms of the plea, Sturiale was to serve 32 months—count 2's lower term of 16 months doubled because of the strike.

---

[*]Judge of the Kern Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1]Unless otherwise designated, all statutory references are to the Penal Code.

The plea and the sentencing were combined in a single proceeding. Sturiale's counsel indicated his client wished to be considered for deferred entry of judgment. The following then occurred:

"[MR. FONTAN] [deputy district attorney]: There is a different basis of ineligibility the People will argue, that there is evidence of the offense other than those listed in paragraph three of—Let me get you the direct cite for the statute. [¶] It would be paragraph (3) of subsection (a) of the Section 1000 and there is evidence of transportation in this matter and that was the basis of Count I. The defendant was stopped while driving his automobile with the passenger, and the controlled substance, methamphetamine, was found in a jewelry box between the passenger and the driver, containing two baggies of methamphetamine, one, .09 grams, and, the other .30 grams net, both passenger and the defendant admitted it was their—the defendant admitted it was his dope, that they were using it together. That's my understanding, the way I read the police reports. [¶] . . . That expressly makes it—and, plus, there is the issue of how Section 1000 would undermine the application of the three strikes law.

"MR. SMITH [defense counsel]: That can be harmonized with the three strike law. I'm aware of the use of that provision of some other offenses. I'm aware it has come up before. More often, I think it is where somebody is in possession of something involved in drunk driving.

"THE COURT: I'll short-circuit. I've read Penal Code Section 1000. I have had this before. Subdivision (a), determining the criteria as to whether or not a person is eligible or not; subdivision (b), gives the prosecuting attorney the sole authority to make that determination, not the court, and the sole remedy for the defendant who disagrees, the sole remedy for a defendant who was found ineligible is to appeal. There is absolutely nothing I can do. Mr. Fontan has set forth what he believes and the basis that Mr. Sturiale is ineligible because of the facts suggesting the offense has been committed other than those which are eligible for probation." The court sentenced Sturiale to the 32-month term.

DISCUSSION

I. *"Overruling" the District Attorney*

 Sections 1000 to 1000.4 allow trial courts to defer the entry of judgment for drug offenders who are charged with and plead guilty to certain

drug offenses and who meet other codified criteria. The purposes of the statutory scheme are rehabilitation of the occasional drug user who has committed relatively minor drug offenses and conservation of judicial resources. (*People v. Superior Court (On Tai Ho)* (1974) 11 Cal.3d 59, 61-62 [113 Cal.Rptr. 21, 520 P.2d 405]; *People v. Barrajas* (1998) 62 Cal.App.4th 926, 930 [73 Cal.Rptr.2d 123].) ▮ There is no dispute here either that count 2 to which Sturiale pled guilty, a violation of Health and Safety Code section 11377, is a qualifying offense for which deferred entry of judgment is available or that the dismissed count 1, a violation of Health and Safety Code section 11379, is not.

 To be eligible for a deferred entry of judgment, a plea of guilty must be coupled with a determination that the defendant and the circumstances resulting in his or her arrest satisfy six criteria. (§ 1000, subd. (a)(1)-(6).) Included among them is the absence of "evidence of a violation relating to narcotics or restricted dangerous drugs other than a violation of the sections listed in this subdivision." (§ 1000, subd. (a)(3).) That assessment is made by the district attorney, who "shall review his or her file to determine whether or not paragraphs (1) to (6), inclusive, of subdivision (a) apply to the defendant." (§ 1000, subd. (b).) Sturiale contends the court may make an inquiry into the district attorney's determination of ineligibility,[2] disregard—"overrule"—it, and order the defendant into the deferred entry of judgment program.

The court determined Sturiale was ineligible for deferred entry of judgment, in part based on the prosecutor's representation of the circumstances of Sturiale's arrest. These tend to show a violation of Health and Safety Code section 11379, the dismissed count. (§ 1000, subd. (a)(3).) ▮ Section 1000, subdivision (a)(3) "is intended by the Legislature to render ineligible for the diversion program a relatively limited class of persons, i.e., those who are dealing in illegal narcotics but who have never previously been convicted of any drug offense and whom the district attorney cannot or does not choose to charge with trafficking. The statute specifies there must be 'evidence' that the defendant is a member of that class before he can be excluded. 'Evidence,' of course, means more than mere suspicion or rumor; it means, in this context, reports of actual instances of trafficking or other information showing that the defendant has probably committed narcotics offenses in addition to those listed in the statute. [¶] . . . In this screening process, however, the district attorney's inquiry need not be limited to

---

[2]Sturiale does not contend that the "evidence" the prosecutor represented to the court was incomplete, subject to dispute, or if accepted was insufficient to show a disqualifying offense within the meaning of section 1000, subdivision (a)(3).

information admissible at a full-fledged criminal trial. The files of the district attorney ordinarily include relevant hearsay information derived from investigations into criminal activity; yet as noted above, subdivision (b) of the statute expressly directs him to consult that source in determining eligibility for diversion." (*Sledge v. Superior Court* (1974) 11 Cal.3d 70, 75 [113 Cal.Rptr. 28, 520 P.2d 412], fns. omitted.) ▆ Because the district attorney's preliminary screening does not involve the court, it is not a judicial act. (*Id.* at pp. 74-75.) "The sole remedy of a defendant who is found ineligible for deferred entry of judgment is postconviction appeal." (§ 1000, subd. (b).)

In a variety of contexts, most courts considering the question whether the district attorney's unilateral determination of ineligibility is subject to judicial inquiry have held the trial court has no power to conduct a judicial review of the determination.[3] (See, e.g., *People v. Brackett, supra,* 25 Cal.App.4th 488 [defendant ineligible even though not charged with a disqualifying offense]; *People v. Covarrubias* (1993) 18 Cal.App.4th 639, 642 [22 Cal.Rptr.2d 475] [same]; *People v. McAlister* (1990) 225 Cal.App.3d 941 [275 Cal.Rptr. 229] [disputed factual issue whether cocaine was possessed for purposes of sale].) We believe these courts have correctly analyzed the question and conclude accordingly that the trial court had no power to overrule the district attorney's determination that Sturiale was ineligible for a deferred entry of judgment.

II. *Harvey Error*

▆ Sturiale contends the court and the prosecutor violated *Harvey, supra,* 25 Cal.3d 754, which held a court could not consider the facts and

---

[3]The Third Appellate District, in *People v. Williamson* (1982) 137 Cal.App.3d 419 [187 Cal.Rptr. 107], held that a defendant was entitled to a pretrial hearing to resolve a "statutory anomaly" causing an ambiguity in the class of disqualifying offenses. The district attorney had concluded the defendant was ineligible. Earlier, the Third Appellate District had held that a defendant was not entitled to pretrial review. (*People v. Superior Court (Hayle)* (1977) 74 Cal.App.3d 604 [141 Cal.Rptr. 496].) *Williamson* footnoted its disapproval of *Hayle*. (*People v. Williamson, supra,* 137 Cal.App.3d at p. 944, fn. 4.) *People v. Paz* (1990) 217 Cal.App.3d 1209 [266 Cal.Rptr. 468], decided by the Sixth District Court of Appeal, agreed that a defendant is not entitled to judicial review prior to entry of judgment, yet cited *Williamson* for the proposition that "[n]o hearing is necessary unless the determination of eligibility requires resolution of factual issues." (*Id.* at p. 1217.)

The Third Appellate District revisited the issue in *People v. Brackett* (1994) 25 Cal.App.4th 488 [30 Cal.Rptr.2d 557] and, as in its earlier *Hayle* opinion, once again held there is no right to judicial review prior to entry of judgment. It characterized *Williamson* as a case involving the "limited sweep" of a statutory anomaly (*Brackett,* at pp. 498-499) and criticized the *Paz* decision because it "confuses the task of the district attorney with the judicial function of the court." (*Brackett,* at p. 500.) *Hayle* was not mentioned.

circumstances of a dismissed count as part of a plea bargain when imposing sentence. "Implicit in such a plea bargain, we think, is the understanding (in the absence of a contrary agreement) that defendant will suffer no adverse sentencing consequence by reason of the facts underlying, and solely pertaining to, the dismissed count." (*Id.* at p. 758.) The court noted, however, that the rule did not disturb "the authority of the sentencing court to take into account certain facts underlying charges dismissed pursuant to a plea bargain [when] those facts are transactionally related to the offense to which defendant pleaded guilty." (*Ibid.*, italics omitted.) Hence, the *Harvey* rule "must yield when its application would prevent a court from considering all of the factors necessary to make an informed disposition of the admitted charge or charges. [Citations.]" (*In re Jimmy P.* (1996) 50 Cal.App.4th 1679, 1683 [58 Cal.Rptr.2d 632].) We reject Sturiale's argument for a number of reasons.

First, as discussed *ante*, in part the purpose of the district attorney's screening is to remove a defendant from the deferred entry of judgment process where there is "evidence of a violation relating to narcotics or restricted dangerous drugs . . . ." (§ 1000, subd. (a)(3).) In making that determination, the district attorney considers, among other sources, arrest reports. (*Sledge v. Superior Court, supra,* 11 Cal.3d at p. 75.) These are necessarily "transactionally related" to the charges and, by statutory demand, a "factor" required to make an "informed" decision whether a defendant's circumstances meet those conditioning eligibility.

Second, inevitably the trial court would be drawn into the district attorney's screening process and asked to decide, for example, whether a particular fact or circumstance is specific to a dismissed count, or whether the circumstances of a dismissed count would support a holding order or a guilty verdict,[4] all of which requires some exercise of judicial authority. "Screening" is not subject to a judicial determination, unlike sentencing, which involves the direct application of the *Harvey* rule.

We hold the *Harvey* rule does not apply to the determination of whether a defendant is eligible for a deferred entry of judgment.

Because we find no error in the court's finding that Sturiale was ineligible for a deferred entry of judgment, we do not reach the question whether his admission to the strike prior, offered by the district attorney as an alternative ground of ineligibility, also makes him ineligible.

---

[4]Other examples are listed in *People v. Brackett, supra,* 25 Cal.App.4th at page 501.

## Disposition

The judgment is affirmed.

Dibiaso, Acting P. J., and Buckley, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 15, 2000.