[Crim. No. 23850. Second Dist., Div. Five. Mar. 28, 1975.]

THE PEOPLE, Plaintiff and Appellant, v.
RANCE ANTHONY REED, Defendant and Respondent.

626

■■■■■■

■■■■■■

■■■■■■

## COUNSEL

Joseph P. Busch, District Attorney, Harry B. Sondheim and Arnold T. Guminski, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, Harold E. Shabo, L. C. Nunley and Richard A. Curtis, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**STEPHENS, J.**—Opinion after retransfer from the Supreme Court following its acceptance of the case on appeal:

The People appeal from an order of the superior court for diversion[1] after defendant had been tried and a verdict of guilty had been entered against him.

In brief, defendant was charged by information with a violation of Health and Safety Code section 11530 (now, § 11357) (possession of marijuana). Defendant was arraigned and pled not guilty. On the date set for trial, defendant appeared in court with his counsel. The trial judge informed defendant that "it has been suggested by the District Attorney

---

[1]Penal Code, section 1000: "(a) This chapter shall apply whenever a case is before any court upon an accusatory pleading for violation of Section 11500, 11530, 11555, 11556, 11910, or 11990 of the Health and Safety Code and it appears to the district attorney that all of the following apply to the defendant:

"(1) The defendant has no prior conviction for any offense involving narcotics or restricted dangerous drugs.

"(2) The offense charged did not involve a crime of violence or threatened violence.

"(3) There is no evidence of a violation relating to narcotics or restricted dangerous drugs other than a violation of the sections listed in this subdivision.

"(4) The defendant has no record of probation or parole violations.

"(b) The district attorney shall review his file to determine whether or not paragraphs (1) to (4) inclusive, of subdivision (a) are applicable to the defendant."

■■■■

that . . . defendant . . . [was] eligible for . . . diversion proceedings under the special proceedings in narcotics and drug abuse laws."[2]

Defendant's counsel thereupon notified the court that defendant wished to participate in the diversion proceedings and that he was willing to waive time and have the matter set over for a probation report. The trial judge announced that upon completion of the probation report a decision would be made as to whether or not defendant would be diverted.

In the probation report, it was recommended that this case not be diverted.[3]

On March 13, 1973, defendant appeared in court and represented to the trial judge that he was not an addict, did not take pills, did not smoke marijuana, and that "I [defendant] am trying to prove that I did not—I did not have marijuana in my possession at the time at all." The trial judge declared that "the probation officer recommends that this not be diverted. We won't divert it. We will put it back on the calendar and . . . we will set it for jury trial."

Defendant was found guilty of possession of marijuana as charged in the information. Prior to sentencing, the trial judge ordered the matter referred to the probation department for possible probation and sentence. The court also raised the possibility of diversion should the probation department concur.[4] A probation report was filed with the court which again recommended that this case not be diverted; however,

---

[2]Penal Code, section 1000.1, subdivision (a) provides in pertinent part: "(a) If the district attorney determines that this chapter may be applicable to the defendant, he shall advise the defendant or his attorney of such determination. If the defendant consents and waives his right to a speedy trial the district attorney shall refer the case to the probation department."

[3]This probation report prepared prior to trial relative to the People's suggestion that defendant might be a suitable candidate for diversion states in pertinent part: "Furthermore, [defendant] . . . is a resident of San Diego County and facilities that might be available in that area are not known to the probation officer at this time. There is no indication that the defendant has contacted any agency and if he has, it would be impossible to supervise this defendant inasmuch as there appears to be no authority to transfer this case to San Diego." It is clear that the recommendation against diversion was not based upon a determination that defendant failed to meet the standards set forth in Penal Code, section 1000, subdivision (a) or that he was not a "person who would be benefited by education, treatment or rehabilitation." (Pen. Code, § 1000.1, subd. (a).)

[4]As to this suggestion by the trial court, neither party raised an objection, as shown by the transcript:

"THE COURT: This matter should be referred to the Probation Department, possible

probation was recommended, with terms and conditions which did not include imposition of a fine or imprisonment.[5] Subsequently, defendant again appeared in court with counsel. During the discussion relative to the disposition of the case, the prosecuting attorney raised objections to diverting the case, after which the following colloquy took place:

"[DEFENSE COUNSEL]: He—The defendant advises me that he has contacted some program, "Reach out," and he has given me a card here, which is in Monrovia, by the way. Does the Court wish to see this card?

"THE COURT: Yes. Well, I think when they adopted this section, 1000 of the Penal Code, they established quite a precedent.

"Well, the defendant has been found guilty of possession of marijuana.

"Does the defendant consent to further proceedings under the diversion section, that is Penal Code section 1000 and the section following?

"[DEFENSE COUNSEL]: Yes, he does.

"THE DEFENDANT: Yes, I do.

"[PROSECUTING ATTORNEY]: For the record, Your Honor, since the statute at least states the district attorney must concur, in this

---

probation and sentence.
"Shall we also have him discuss the possibility of a diversion?
"[DEFENSE COUNSEL]: We have done that in this case already.
"THE COURT: The defendant refused to be diverted.
"[DEFENSE COUNSEL]: I don't know whether it was that or whether it was the officer that wrote the probation report. But at any rate, that has already been done. I suppose there would be no objection to that being done again.
"THE COURT: I think that this—in the probation report, I think the Probation Department should make another recommendation regarding the possibility of diversion.
"[PROSECUTING ATTORNEY]: As well as a recommendation regarding sentence if they oppose diversion.

[5]The basis for the recommendation against diversion in this post-verdict report was founded on the fact that defendant was unable to furnish the department with verification of his involvement in a drug rehabilitation program. As evidenced by the recommendation against fine or imprisonment, the department's view of the defendant was that he was capable of making a "very satisfactory adjustment into a program of probation supervision." Since the defendant did present to the court a satisfactory program to allow him to be diverted, the sole basis of the department's recommendation was obviated.

particular case—and this is the first time that we have done so—the People emphatically do not concur.[6]

"THE COURT: All right. The Court will make a finding that it is its opinion, and I believe it is the opinion of the district attorney's office, that concurrence is not necessary with respect to the program to which the defendant is referred, and this matter is going to be, at the consent of the defendant—it will be diverted, and the defendant will be instructed forthwith to enroll and sign up with this Reach Out Youth and Drug Counseling Center [in Monrovia, California] . . . , and I wish to have a report in thirty days, a written report, filed by this defendant."

The issue raised by the People on appeal is whether defendant was eligible for diversion after he had been tried and a verdict of guilty had been entered against him.

Since acceptance of this case by the Supreme Court, that court has rendered its opinion in *Morse* v. *Municipal Court,* 13 Cal.3d 149 [118 Cal.Rptr. 14, 529 P.2d 46]. The issue raised relative to the court's authority to divert defendant *after* the completion of a criminal trial has been determined adversely to defendant's position. In *Morse,* the court determined that "[d]efendants eligible for diversion may tender usual pretrial motions prior to their expression of consent for diversion," (p. 160) but that "the clear wording of the diversion provision . . . precludes a defendant from initiating diversion proceedings by tendering a consent after commencement of trial" (p. 157). In the instant case, although initially defendant was eligible and consented to diversion before trial, the court denied diversion at that time, and thereafter defendant pleaded not guilty and proceeded to trial. Therefore, defendant's subsequent

---

[6]Penal Code, section 1000.2 provides in pertinent part: "The court shall hold a hearing and, after consideration of the probation department's report and any other information considered by the court to be relevant to its decision, shall determine if the defendant consents to further proceedings under this chapter and waives his right to a speedy trial and if the defendant should be diverted and referred for education, treatment, or rehabilitation. The defendant's case shall not be diverted unless the district attorney concurs with the court's determination that the defendant be so referred though such concurrence is not necessary with respect to the program to which the defendant is referred. [¶] If the court does not deem the defendant a person who would be benefited by diversion, or if the district attorney or the defendant do not consent to participate, the proceedings shall continue as in any other case. . . ."

consent and the court's efforts to reinstitute diversion *after* trial were invalid.

The judgment is reversed.

Kaus, P. J., and Hastings, J., concurred.