[Crim. No. 25899. Second Dist., Div. One. Apr. 25, 1975.]

THE PEOPLE, Plaintiff and Appellant, v.
KEVIN ROSCOE WRIGHT, Defendant and Respondent.

[Civ. No. 45130. Second Dist., Div. One. Apr. 25, 1975.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
KEVIN ROSCOE WRIGHT, Real Party in Interest.

**COUNSEL**

Joseph P. Busch, District Attorney, Donald J. Kaplan and Daniel L. Bershin, Deputy District Attorneys, for Plaintiff and Appellant and for Petitioner.

Gottlieb, Gottlieb & Stein, Arthur J. Gottlieb and Karl Manheim for Defendant and Respondent and for Real Party in Interest.

No appearance for Respondent.

**OPINION**

**HANSON, J.**—This is a consolidated People's appeal and petition for writ of mandate regarding an order made by the superior court on August 22, 1974, which diverted Kevin Roscoe Wright (hereinafter referred to as defendant) to a special rehabilitative treatment center afforded to first-time drug offenders pursuant to Penal Code sections 1000-1000.3.

By information dated May 29, 1974, defendant was charged with possession for sale of marijuana (count I, Health & Saf. Code, § 11359, subd. (a)), and with possession of marijuana (counts II and III, in violation of Health & Saf. Code, § 11357, subd. (a)).

After taking the required waivers, defendant was tried by the court and was acquitted as to counts II and III. As to count I, defendant was found not guilty of possession for sale of marijuana (Health & Saf. Code, § 11359, subd. (a)), but guilty of the lesser included offense of possession of marijuana (Health & Saf. Code, § 11357, subd. (a)).

At the conclusion of trial defendant requested to be diverted on the lesser included offense. The court took the request under submission and after the filing of a probation report, granted the defendant's request.

## QUESTIONS

The People on appeal question (1) whether an appeal lies from a superior court diversion order, and (2) whether the superior court acted beyond its jurisdiction in diverting the defendant after his trial and conviction.

■ We must first decide whether there is in existence an appealable order. We hold that the order granting diversion is analogous to a final judgment in a "special proceeding" (*People* v. *Murphy*, 70 Cal.2d 109, 115 [74 Cal.Rptr. 65, 448 P.2d 945]), and hence is final for the purposes of appellate review. ". . . It is not the form of the decree but the substance and effect of the adjudication which is determinative. ■ As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is

interlocutory." (*Lyon* v. *Goss,* 19 Cal.2d 659, 670 [123 P.2d 11].) Hence the order granting diversion is an appealable order.

■ The second question presented is whether the superior court acted beyond its jurisdiction in diverting the defendant after his trial and conviction.

Defendant was diverted pursuant to Penal Code section 1000[1] after his trial and conviction. As stated in *People* v. *Reed,* 46 Cal.App.3d 625, 629 [120 Cal.Rptr. 250]: "Since acceptance of this case by the Supreme Court, that court has rendered its opinion in *Morse* v. *Municipal Court,* 13 Cal.3d 149 [118 Cal.Rptr. 14, 529 P.2d 46]. The issue raised relative to the court's authority to divert defendant *after* the completion of a criminal trial has been determined adversely to defendant's position. In *Morse,* the court determined that '[d]efendants eligible for diversion may tender usual pretrial motions prior to their expression of consent for diversion,' (p. 160) but that 'the clear wording of the diversion provision . . . precludes a defendant from initiating diversion proceedings by tendering a consent after commencement of trial' (p. 157). In the instant case, although initially defendant was eligible and consented to diversion before trial, the court denied diversion at that time, and thereafter defendant pleaded not guilty and proceeded to trial. Therefore, defendant's subsequent consent and the court's efforts to reinstitute diversion *after* trial were invalid." (Original italics.)

Defendant contends that since he did not become eligible for diversion until after trial, in that he was charged with a crime not included in Penal Code section 1000, the ruling in *Morse, supra,* is inapplicable. We disagree.

■ ". . . Penal Code sections must generally be construed ' "according to the fair import of their terms, with a view to effect its objects and to

[1]Penal Code section 1000:

"(a) This chapter shall apply whenever a case is before any court upon an accusatory pleading for violation of Section 11500, 11530, 11555, 11556, 11910, or 11990 of the Health and Safety Code and it appears to the district attorney that all of the following apply to the defendant:

"(1) The defendant has no prior conviction for any offense involving narcotics or restricted dangerous drugs.

"(2) The offense charged did not involve a crime of violence or threatened violence.

"(3) There is no evidence of a violation relating to narcotics or restricted dangerous drugs other than a violation of the sections listed in this subdivision.

"(4) The defendant has no record of probation or parole violations.

"(b) The district attorney shall review his file to determine whether or not paragraphs (1) to (4) inclusive, of subdivision (a) are applicable to the defendant."

promote justice." ' (*In re Smith* (1966) 64 Cal.2d 437, 440 [50 Cal.Rptr. 460, 412 P.2d 804].) Consistent with that general principle, appellate courts first examine the language of the code section to determine whether the words used unequivocally express the Legislature's intent. If no ambiguity, uncertainty, or doubt about the meaning of the statute appear, the provision is to be applied according to its terms without further judicial construction. (E.g., *People* v. *Baker* (1968) 69 Cal.2d 44, 50 [69 Cal.Rptr. 595, 442 P.2d 675], emphasizing that the plain meaning of words used is not to be disregarded.)" (*Morse* v. *Municipal Court,* 13 Cal.3d 149, 156 [118 Cal.Rptr. 14, 529 P.2d 46].)

■ Penal Code section 1000 states in pertinent part that "whenever a case is before any court upon an *accusatory pleading*" (italics added) and certain prerequisites are made, the defendant can be diverted. In the case at bench defendant was not eligible for diversion prior to trial, and the Penal Code does not make provision for diversions after trial. Furthermore, in light of *Reed, supra,* and *Morse, supra,* defendant cannot be diverted after trial in any event.

The order granting diversion is reversed; the alternative writ of mandate is discharged; and the petition is hereby dismissed as moot.

Wood, P. J., and Lillie, J., concurred.

The petition of defendant and respondent for a hearing by the Supreme Court was denied July 3, 1975.