Opinion
 

 BROWN (Gerald), P. J.
 

 —Elrena Vickie Bagby appeals an order granting her diversion (Pen. Code, § 1000) following her plea of guilty to misdemean- or possession of concentrated cannabis (Health & Saf. Code, § 11357, subd. (a)) entered after her motion to suppress evidence had been denied. Bagby has filed an opening brief in which her sole contention is the motion to suppress evidence should have been granted. A codefendant’s appeal remains pending. The People have moved to dismiss Bagby’s appeal on the sole ground criminal proceedings have been suspended, no judgment of conviction has been entered and a denial of a suppression motion is not reviewable on an appeal from a diversion order.
 

 Initially we note a diversion order is appealable by the People to test the availability of diversion to the defendant
 
 (People
 
 v.
 
 Wright,
 
 47 Cal.App.3d 490, 492-493 [120 Cal.Rptr. 899]). Because a defendant must
 
 *988
 
 consent to diversion, it is unlikely a defendant would qualify as an aggrieved party entitled to an appeal to test the validity of the diversion order itself. That, however, is not before us on this appeal and we do not determine whether under any circumstances an appeal would lie by a defendant to test a diversion order.
 

 People
 
 v.
 
 Chi Ko Wong,
 
 18 Cal.3d 698, 709 [135 Cal. tr. 392, 557 P.2d 976] tells us: “It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute.”
 

 Penal Code section 1237 provides for an appeal from a final judgment of conviction. The section lists those orders which are to be deemed final judgments for purposes of an appeal. Thus sentences, probation orders, insanity commitments, mentally disordered sex offender commitments and commitments for narcotics addiction are all deemed final judgments of conviction for appeal purposes. No provision is made for deeming a narcotics diversion under Penal Code section 1000 et seq. as a final judgment of conviction in an appeal.
 

 Penal Code section 1538.5 provides for pretrial review of suppression orders by writ and post-trial review “on appeal from a
 
 conviction
 
 in a criminal case notwithstanding the fact that
 
 such judgment of conviction
 
 is predicated upon a plea of guilty.” (Italics added.)
 

 Because Bagby has been diverted, criminal proceedings as to her have been suspended and no judgment of conviction or other order deemed a judgment of conviction by Penal Code section 1237 has been entered.
 

 Bagby argues she would be denied equal protection of the law if the order granting diversion were to be held not a final judgment of conviction for purposes of challenging the suppression order. She contends such a holding would deny her her appeal rights at the risk of a greater penalty, i.e., she would be required to reject diversion in order to test the order denying suppression of evidence by appeal. Bagby, however, had a pretrial remedy by writ to test the suppression order and will still have a remedy to test it by appeal should she not successfully complete her diversion program and be sentenced.
 

 We hold review of a pretrial order denying suppression of evidence is not available on an appeal from a diversion order since no judgment of conviction or order deemed to be a judgment of conviction exists upon
 
 *989
 
 which review may be predicated under Penal Code section 1538.5. We further hold a divertee is not denied equal protection of the laws where the effect of diversion is merely to delay review of the search and seizure question until after a judgment of conviction is entered should the divertee fail in the diversion program. Should the divertee successfully complete the program there is no reason to test the admissibility of evidence seized in a search since no judgment of conviction will be entered (Pen. Code, § 1000.5). Instead, the underlying criminal proceedings will be dismissed (Pen. Code, § 1000.3).
 

 The appeal is dismissed as to defendant Bagby only.
 

 Cologne, J., and Staniforth, J., concurred.
 

 Appellant’s petition for a hearing by the Supreme Court was denied March 2, 1978.