[No. F010085. Fifth Dist. Apr. 10, 1989.]

THE PEOPLE, Plaintiff and Appellant, v.
JOHN ALONZO, Defendant and Respondent.

[No. F009961. Fifth Dist. Apr. 10, 1989.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF FRESNO COUNTY, Respondent;
JOHN ALONZO, Real Party in Interest.

COUNSEL

Edward W. Hunt, District Attorney, and Mark W. Lester, Deputy District Attorney, for Plaintiff and Appellant and Petitioner.

Roger S. Hanson, under appointment by the Court of Appeal, for Defendant and Respondent and Real Party in Interest.

No appearance for Respondent Superior Court.

OPINION

STONE (W. A.), J.—This is a consolidated People's appeal and petition for writ of mandate regarding a trial court order granting postconviction diversion to defendant, John Alonzo, pursuant to Penal Code section 1000 et seq. The issues presented are (1) whether a posttrial diversion order is an appeal-

able order, and (2) whether the trial court acted in excess of its jurisdiction in granting diversion after trial and conviction.

## STATEMENT OF THE FACTS AND PROCEEDINGS

A first amended information charged defendant in count one with offering to sell and furnish cocaine (Health & Saf. Code, § 11352) and in count two with possession of cocaine (Health & Saf. Code, § 11350). The court denied defendant's pretrial request for diversion, since count one alleged a nondivertible offense, offering to sell and furnish. (Pen. Code, § 1000, subd. (a).) Defendant was convicted of possession, but was acquitted of offering to sell and furnish. He then renewed his request for diversion, and the court referred the matter to the probation department for evaluation to determine whether defendant was a qualified candidate for diversion. At the sentencing hearing the trial court granted defendant's request over the prosecutor's objection. The court did not set the conviction aside but suspended the proceedings for a period of six months to two years.

The People filed a petition for writ of mandate. We directed defendant, real party in interest, to file preliminary opposition addressing the issue of appealability and the propriety of peremptory writ relief. Thereafter, the People filed a timely notice of appeal from the order granting diversion.

## DISCUSSION

Both of the issues raised in this appeal were addressed by the court in *People v. Wright* (1975) 47 Cal.App.3d 490 [120 Cal.Rptr. 899].

The defendant in *Wright* was charged in count I with possession of marijuana for sale, and, in counts II and III with possession of marijuana. He was acquitted of counts II and III. As to count I, he was found guilty of the lesser included offense of simple possession. His posttrial request for diversion on the lesser included offense was granted.[1] The People's petition for writ of mandate and appeal were consolidated. The issues presented on appeal were "(1) whether an appeal lies from a superior court diversion order, and (2) whether the superior court acted beyond its jurisdiction in diverting the defendant after his trial and conviction." (47 Cal.App.3d at p. 492.) ■ The *Wright* court held that an order granting diversion is final for purposes of appellate review. (*Id.* at pp. 492-493.) ■■ With respect to the trial court's authority to grant posttrial diversion, the court

---

[1] The court did not address the fact that simple possession of marijuana, a violation of Health and Safety Code section 11357, subdivision (a), was not an offense listed in Penal Code section 1000 at that time as a divertible offense. (*People v. Wright, supra,* 47 Cal.App.3d at p. 493, fn 1.)

stated: " 'Penal Code sections must generally be construed " 'according to the fair import of their terms, with a view to effect its objects and to promote justice.' " [Citation.] Consistent with that general principle, appellate courts first examine the language of the code section to determine whether the words used unequivocally express the Legislature's intent. If no ambiguity, uncertainty, or doubt about the meaning of the statute appear, the provision is to be applied according to its terms without further judicial construction. [Citation.]'

"Penal Code section 1000 states in pertinent part that 'whenever a case is before any court upon an accusatory pleading' and certain prerequisites are made, the defendant can be diverted. In the case at bench defendant was not eligible for diversion prior to trial, and the Penal Code does not make provision for diversions after trial." (47 Cal.App.3d at p. 494.)

The court held that the order granting diversion was beyond the court's jurisdiction. (47 Cal.App.3d at pp. 493-494.) The pertinent language of Penal Code section 1000 has not changed—it still authorizes diversion "whenever a case is before any court upon an accusatory pleading."

The only relevant factual distinction between *Wright* and the case presently before us is that the defendant in *Wright* apparently had not requested pretrial diversion, whereas such a request was made by defendant Alonzo. The obvious reason for the failure of the defendant in *Wright* to have requested diversion prior to trial is that he would not have been eligible since he was charged concurrently with narcotics offenses which would have rendered him ineligible for diversion. (Pen. Code, § 1000, subd. (a)(3).) Likewise, defendant Alonzo was ineligible for diversion prior to trial because of a concurrent narcotics charge. We see no reason why a futile and perhaps token request for diversion before trial should render diversion appropriate after trial.

Defendant's reliance upon *Harvey* v. *Superior Court* (1974) 43 Cal.App.3d 66 [117 Cal.Rptr. 383] is misplaced. *Harvey* did not involve a posttrial request for diversion, nor did it involve deferral of a pretrial request for diversion. The court in that case was addressing the question of what the trial court should do when confronted with a pretrial request for diversion where the defendant is charged concurrently with a divertible narcotics offense and nonnarcotics offenses which do not necessarily render the defendant ineligible for diversion.[2] The *Harvey* court held that in such a case diversion could properly be granted on the divertible offense prior to

---

[2] Contrast the present case where the defendant is charged concurrently with nondivertible *narcotics* offenses.

the trial of the concurrent nondivertible, nonnarcotics charges. If the defendant was subsequently convicted, the diversion would be rendered meaningless. If, on the other hand, the defendant was subsequently acquitted, he would be required to complete the diversion program.

The language upon which defendant relies is found in the court's alternative approach to the above scenario.

"Alternatively, the court may believe that the defendant's suitability and availability for the diversion program depend heavily upon the future outcome of the accompanying criminal charges. In that event, nothing in the diversion law prevents the court from offering the defendant deferment of the diversion application pending disposition of the other criminal charges." (*Harvey* v. *Superior Court, supra,* 43 Cal.App.3d at p. 70.)

The foregoing alternate reasoning was unnecessary to the disposition of the appeal in *Harvey* and is therefore dictum. Since it directly conflicts with the holding in *Wright,* it is without meaningful precedential value.

We see no significant distinctions between *People* v. *Wright, supra,* 47 Cal.App.3d 490, and the case before us. Nor do we see any logical reason why we should not apply the holdings of *Wright*.

The order granting diversion is reversed. The matter is remanded for sentencing. The alternative writ of mandate is discharged, and the petition is dismissed as moot.

Franson, P. J., and Brown (G. A.), J.,* concurred.

The petition of respondent Alonzo for review by the Supreme Court was denied July 19, 1989.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.