BILL LOCKYER Attorney General JONATHAN R. DAVIS Deputy Attorney General
THE HONORABLE TONY RACKAUCKAS, DISTRICT ATTORNEY OF ORANGE COUNTY, has requested an opinion on the following question:
Does the voters' adoption of Proposition 36, effective July 1, 2001, repeal the deferred entry of judgment program for narcotics and drug abuse cases?
 CONCLUSION
The voters' adoption of Proposition 36, effective July 1, 2001, does not repeal the deferred entry of judgment program for narcotics and drug abuse cases.
 ANALYSIS
We are asked to determine whether the voters' adoption of Proposition 36, effective July 1, 2001, repeals the deferred entry of judgment program specified in Penal Code sections 1000-1000.8[1] for narcotics and drug abuse cases. We conclude that the deferred entry of judgment program has not been repealed by the electorate.
On November 7, 2000, the voters of California adopted Proposition 36, the "Substance Abuse and Crime Prevention Act of 2000" (Act), effective July 1, 2001. Among its provisions, the Act has added sections 1210,1210.1, and 3063.1. Subdivision (a) of section 1210.1, concerning the granting of probation for nonviolent drug offenses, states in part:
 "Notwithstanding any other provision of law, and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation. As a condition of probation the court shall require participation in and completion of an appropriate drug treatment program. . . ."
Subdivision (a) of section 1210 defines a nonviolent drug offense as follows:
 "The term `nonviolent drug possession offense' means the unlawful possession, use, or transportation for personal use of any controlled substance identified in Section 11054, 11055, 11056, 11057 or 11058
of the Health and Safety Code, or the offense of being under the influence of a controlled substance in violation of Section 11550 of the Health and Safety Code. The term `nonviolent drug possession offense' does not include the possession for sale, production, or manufacturing of any controlled substance."
With respect to the granting of parole and parole violations, subdivision (a) of section 3063.1 states:
 "Notwithstanding any other provision of law, and except as provided in subdivision (b), parole may not be suspended or revoked for commission of a nonviolent drug possession offense or for violating any drug-related condition of parole. . . ."[2]
Do these provisions of the Act repeal the deferred entry of judgment program set forth in sections 1000-1000.8? Under the latter program, a person charged with any one of 12 specified drug offenses[3] may participate in a drug education and treatment program in lieu of undergoing a criminal prosecution. The program requires the defendant to plea guilty to the charge or charges. (§ 1000.1, subd. (b); People v. Barrajas (1998) 62 Cal.App.4th 926, 928, fn. 2.) If the defendant is eligible and consents to participate, the entry of judgment and sentencing are deferred for a period of 18 months to three years, during which time the defendant is referred to an approved drug rehabilitation program. "If the defendant has performed satisfactorily during the period in which deferred entry of judgment was granted, at the end of that period, the criminal charge or charges shall be dismissed." (§ 1000.3.) However, "upon any failure of treatment or condition of the program," the court may render a finding of guilt, "enter judgment, and schedule a sentencing hearing as otherwise provided [by the Penal Code]." (§ 1000.1, subd. (a)(4); §1000.3.) The program may be terminated if the court finds that the defendant has been convicted of a crime or has engaged in criminal conduct rendering him or her unsuitable for the program. (See generally Morse v. Municipal Court (1974) 13 Cal.3d 149, 153-154.)
Nothing in the Act expressly provides for the repeal of sections1000-1000.8, the deferred entry of judgment program. Accordingly, if repeal is to occur, effective July 1, 2001, it must be "by implication." The rules for considering repeals by implication are well established. In Western Oil Gas Assn. v. Monterey Bay Unified Air Pollution Control Dist. (1989) 49 Cal.3d 408, 419-420, the Supreme Court observed:
 ". . . `[A]ll presumptions are against a repeal by implication.' [Citation.] The presumption is strong `where the prior act has been generally understood and acted upon.' [Citations.]
 "The presumption against implied repeal is so strong that, `To overcome the presumption the two acts must be irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation. The courts are bound, if possible, to maintain the integrity of both statutes if the two may stand together.' [Citation.] There must be `no possibility of concurrent operation.' [Citation.] Courts have also noted that implied repeal should not be found unless `. . . the later provision gives undebatable evidence of an intent to supersede the earlier. . . .' [Citation.]"
Applying these rules of construction, we find that the Act does not repeal by implication sections 1000-1000.8. Specifically, the latter provisions are not applicable following a trial and conviction. (People v. Reed (1975) 46 Cal.App.3d 625, 629.) In contrast, the Act is concerned with post-conviction sentencing. (See Sandoval v. State Personnel Bd. (1990) 225 Cal.App.3d 1498, 1502, 1504.) Although the two statutory schemes deal with nonviolent drug offenders, they do not apply to precisely the same group of crimes (compare § 1210 with § 1000) and contain different exclusionary factors (compare § 1210.1 with § 1000). Most importantly, the entry of judgment program allows for termination of the program and sentencing as otherwise provided in the Penal Code (§ 1000.3), which other provisions now include those of the Act.
As stated in the ballot pamphlet regarding the Act's provisions, "Proposition 36 affects only simple drug possession. No other criminal laws are changed. . . ." (Ballot Pamp., Gen. Elec. (Nov. 7, 2000) argument in favor of Prop. 36, p. 26.) There is no evidence, whether "undebatable" (see Hays v. Wood (1979) 25 Cal.3d 772, 784) or otherwise, that the Act was intended to supersede sections 1000-1000.8. The two statutory schemes may have concurrent operation effective July 1, 2001.
We conclude that the voters' adoption of Proposition 36, effective July 1, 2001, does not repeal the deferred entry of judgment program for narcotics and drug abuse cases.
[1] All references hereafter to the Penal Code are by section number only.
[2] The other substantive provisions of the Act, adding Health and Safety Code sections 11999.5-11999.13, concern substance abuse treatment funding and are not pertinent to our analysis.
[3] The offenses include possession of a controlled substance, cultivation of marijuana for personal use, and public intoxication under a controlled substance.