[No. H022452. Sixth Dist. June 10, 2002.]

THE PEOPLE, Plaintiff and Appellant, v.
HENRY WRIGHT, Defendant and Respondent.

COUNSEL

George W. Kennedy, District Attorney, Joseph V. Thibodeaux and David R. Boyd, Deputy District Attorneys, for Plaintiff and Appellant.

Susan J. Cowie, under appointment by the Court of Appeal, for Defendant and Respondent.

OPINION

WUNDERLICH, J.—

## I. *Statement of the Case*

Defendant Henry Wright was charged with possession of methamphetamine for sale, possession of cocaine, possession of marijuana for sale, and cultivation of marijuana. (Health & Saf. Code, §§ 11378, 11350, subd. (a), 11359, 11358.) After a trial, the jury acquitted him of possessing methamphetamine and marijuana for sale but convicted him of possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)), cocaine, and more than 28.5 grams of marijuana (Health & Saf. Code, § 11357, subd. (c)). Thereafter, defendant moved to have entry of judgment deferred under Penal Code section 1000 et seq.[1] The prosecutor opposed the motion on the ground that he had declared defendant ineligible for diversion. However, the court disregarded the prosecutor's opposition, granted the motion, and referred defendant to the probation department.

The People appeal from the order granting deferred entry of judgment. They claim the court lacked authority to defer entry of judgment in this case. We agree, vacate the trial court's order, and remand the matter for sentencing.

## II. *Appealability*[2]

■     Defendant claims that the People may not appeal from the trial court's order. We disagree.

■     " 'It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute.' [Citations.]"

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] The issues raise in this appeal do not require a summary of facts concerning the offenses of which defendant was convicted. It suffices to say that police searched defendant's residence with a warrant and found 23.91 grams of methamphetamine and four marijuana plants. They also found marijuana drying in the garage and 16 marijuana plants growing outside. The total weight of marijuana was six pounds.

(*People v. Mazurette* (2001) 24 Cal.4th 789, 792 [102 Cal.Rptr.2d 555, 14 P.3d 227].)

In *People v. Wright* (1975) 47 Cal.App.3d 490 [120 Cal.Rptr. 899], the defendant was charged with a nondivertable drug offense but found guilty of a lesser included offense which, had it been the original charge, would have qualified the defendant for pretrial diversion under a former version of section 1000. After trial, the defendant requested diversion, and the trial court granted the request. The People appealed, claiming the trial court had acted in excess of its jurisdiction. At the threshold, the appellate court was required to decide whether the People could appeal the lower court's order granting diversion. In finding that they could, the court reasoned that "the order granting diversion is analogous to a final judgment in a 'special proceeding' [citation], and hence is final for the purposes of appellate review. '. . . *It is not the form of the decree but the substance and effect of the adjudication which is determinative.*'" (*People v. Wright, supra,* 47 Cal.App.3d at p. 492, italics added; accord, *People v. Mazurette, supra,* 24 Cal.4th at p. 797; *People v. Alonzo* (1989) 210 Cal.App.3d 466, 469 [258 Cal.Rptr. 263]; *People v. Bagby* (1977) 74 Cal.App.3d 986, 987 [141 Cal.Rptr. 762]; see *People v. Murphy* (1969) 70 Cal.2d 109, 115 [74 Cal.Rptr. 65, 448 P.2d 945] [discussing appeal from "special proceeding"].)

Under *Wright*, we conclude that the People are entitled to appeal from the trial court's order.

Defendant argues that in *People v. Superior Court (Laff)* (2001) 25 Cal.4th 703, 727-731 [107 Cal.Rptr.2d 323, 23 P.3d 563], the California Supreme Court discredited the reasoning in *Wright*, and thereby implied that the People may not appeal form an order granting deferred entry of judgment over the prosecutor's objection. We disagree. Defendant notes that the court in *Laff* "concluded unequivocally that Code of Civil Procedure section 639 does not apply to a criminal proceeding." However, *Wright* did not involve section 639 of the Code of Civil Procedure. Nor did *Laff* discuss or cite *Wright* or otherwise comment on the appealability of an order granting deferred entry of judgment. Under the circumstances, we find *Laff* inapposite.

### III. *Jurisdiction to Defer Entry of Judgment*

The People contend that without the prosecutor's agreement, the trial court lacked authority to defer entry of judgment under section 1000. We agree.

In *Terry v. Superior Court* (1999) 73 Cal.App.4th 661, 663-664 [86 Cal.Rptr.2d 653] (*Terry*), the court summarized the statutes providing for

deferred entry of judgment. The court explained that section 1000 "provides that certain first time drug offenders who meet specified conditions may, with the approval of the district attorney, bypass the normal criminal process and enter a drug treatment program. Prior to the statute's amendment in 1996, the program was called 'drug diversion.' [¶] Effective January 1, 1997, some requirements of section 1000 et seq. were changed. Gone from the statutory scheme was pretrial diversion *without* a guilty plea.[3] In its stead, the accused is required to enter a guilty plea, and formal judgment is deferred.[4] [¶] If a defendant performs satisfactorily during the deferral period, 'the criminal charge or charges shall be dismissed.' (§ 1000.3.) Section 1000.4, subdivision (a), provides: 'Upon successful completion of a deferred entry of judgment program, the arrest upon which the judgment was deferred shall be deemed to have never occurred.' [¶] If a defendant has not performed satisfactorily during the period of deferred entry of judgment, 'the court shall render a finding of guilt to the charge or charges pled, enter judgment, and schedule a sentencing hearing as otherwise provided in this code.' (§ 1000.3.)"

Pertinent here is section 1000, subdivision (b). That section provides, in relevant part, "The prosecuting attorney shall review his or her file to determine whether or not paragraphs (1) to (6), inclusive, of subdivision (a) apply to the defendant. *Upon the agreement of the prosecuting attorney*, law enforcement, the public defender, and [the court], this procedure shall be completed as soon as possible after the initial filing of the charges. If the defendant is found eligible, the prosecuting attorney shall file with the court a declaration in writing or state for the record the grounds upon which the

---

[3]In footnote 3, the court quoted section 1000.1, subdivision (b), which provides, "If the defendant consents and waives his or her right to a speedy trial or a speedy preliminary hearing, the court may refer the case to the probation department or the court may summarily grant deferred entry of judgment *if the defendant pleads guilty* to the charge or charges and waives time for the pronouncement of judgment. When directed by the court, the probation department shall make an investigation and take into consideration the defendant's age, employment and service records, educational background, community and family ties, prior controlled substance use, treatment history, if any, demonstrable motivation, and other mitigating factors in determining whether the defendant is a person who would be benefited by education, treatment, or rehabilitation. The probation department shall also determine which programs the defendant would benefit from and which programs would accept the defendant. The probation department shall report its findings and recommendations to the court. The court shall make the final determination regarding education, treatment, or rehabilitation for the defendant. If the court determines that it is appropriate, the court shall grant deferred entry of judgment *if the defendant pleads guilty* to the charge or charges and waives time for the pronouncement of judgment." (Italics added.)

[4]In footnote 4, the court explained, "Specifically, the amendments to the statute substituted the phrase 'deferred entry of judgment' for the word 'diversion,' deleted violation of Health and Safety Code section 11370.1 from the list of offenses for which deferred entry of judgment is available, and provided that a guilty plea must be entered as part of the process. [Citation.]" (*Terry, supra*, 73 Cal.App.4th at p. 664, fn. 4.)

determination is based, and shall make this information available to the defendant and his or her attorney. This procedure is intended to allow the court to set the hearing for deferred entry of judgment at the arraignment. If the defendant is found ineligible for deferred entry of judgment, the prosecuting attorney shall file with the court a declaration in writing or state for the record the grounds upon which the determination is based, and shall make this information available to the defendant and his or her attorney. *The sole remedy of a defendant who is found ineligible for deferred entry of judgment is a postconviction appeal.*"[5] (Italics added.)

In *Sledge v. Superior Court* (1974) 11 Cal.3d 70 [113 Cal.Rptr. 28, 520 P.2d 412] (*Sledge*), the California Supreme Court reviewed a former version of section 1000, which gave the prosecutor sole authority to determine a defendant's eligibility for diversion and initiate diversion proceedings. (See Stats. 1972, ch. 1255, § 17, p. 2469.) There, the defendant was charged with various drug-related offenses and prior to trial requested diversion. After reviewing the file, the prosecutor declined to initiate proceedings. The defendant then filed a motion for diversion notwithstanding the prosecutor's refusal to act. The trial court declined to consider the motion because section 1000 gave the district attorney sole authority to determine eligibility for the program in the first instance. The defendant sought a writ of mandate to compel the trial court to consider the motion. In denying the petition, the California Supreme Court agreed with the trial court and held that because the decision *to initiate* diversion proceedings was not a judicial act and because the law vested sole authority to make that decision with the prosecutor, the trial court could not review it. (*Sledge, supra,* 11 Cal.3d. at

[5]Section 1000, subdivision (a) provides, "This chapter shall apply whenever a case is before any court upon an accusatory pleading for a violation of Section 11350, 11357, 11364, 11365, 11377, or 11550 of the Health and Safety Code, or Section 11358 of the Health and Safety Code if the marijuana planted, cultivated, harvested, dried, or processed is for personal use, or Section 11368 of the Health and Safety Code if the narcotic drug was secured by a fictitious prescription and is for the personal use of the defendant and was not sold or furnished to another, or subdivision (d) of Section 653f if the solicitation was for acts directed to personal use only, or Section 381 or subdivision (f) of Section 647 of the Penal Code, if for being under the influence of a controlled substance, or Section 4060 of the Business and Professions Code, and it appears to the prosecuting attorney that, except as provided in subdivision (b) of Section 11357 of the Health and Safety Code, all of the following apply to the defendant: [¶] (1) The defendant has no conviction for any offense involving controlled substances prior to the alleged commission of the charged offense. [¶] (2) The offense charged did not involve a crime of violence or threatened violence. [¶] (3) There is no evidence of a violation relating to narcotics or restricted dangerous drugs other than a violation of the sections listed in this subdivision. [¶] (4) The defendant's record does not indicate that probation or parole has ever been revoked without thereafter being completed. [¶] (5) The defendant's record does not indicate that he or she has successfully completed or been terminated from diversion or deferred entry of judgment pursuant to this chapter within five years prior to the alleged commission of the charged offense."

pp. 73-74, 76.) Rather, the defendant's sole remedy to challenge a finding of ineligibility was to appeal from the judgment.[6] (*Sledge*, at pp. 75-76.)

*Sledge* has been followed by courts dealing with both the former diversion system and the current deferred-entry-of-judgment system. They have unanimously held that a prosecutor's initial determination of ineligibility is not subject to pretrial judicial review, and the trial court may not overrule it. Rather, the defendant's sole remedy for an allegedly erroneous determination by the prosecutor is by way of appeal from the judgment. (*People v. Sturiale* (2000) 82 Cal.App.4th 1308, 1311-1312, 1314 [98 Cal.Rptr.2d 865]; *People v. Brackett* (1994) 25 Cal.App.4th 488, 500-501 [30 Cal.Rptr.2d 557]; *People v. Covarrubias* (1993) 18 Cal.App.4th 639, 642-643 [22 Cal.Rptr.2d 475]; *People v. McAlister* (1990) 225 Cal.App.3d 941, 943-944 [275 Cal.Rptr. 229]; *People v. Paz* (1990) 217 Cal.App.3d 1209, 1217 [266 Cal.Rptr. 468]; cf. *People v. Andreotti* (2001) 91 Cal.App.4th 1263 [111 Cal.Rptr.2d 462], review den. Dec. 12, 2001 [same rule under § 1000.12].)

Given this consistent body of case law, we conclude that the trial court erred in deferring entry of judgment. Under section 1000, the court lacked authority to implicitly overrule the prosecutor's initial determination of ineligibility.

Defendant claims that the cases cited above are inapposite because they were based on the former diversion statutes or construed those statutes and thus have no application to the newer system of deferred entry of judgment.

Defendant points out that prior to 1997, section 1000 provided for pretrial or preadjudication diversion, where a defendant could be diverted to drug treatment *before* a determination of guilt by trial or plea. If he or she successfully completed treatment, then the case was dismissed. If not, then the prosecution recommenced. However, after 1997, the statute provides for deferred entry of judgment *after* a guilty plea, when the defendant is then diverted to drug treatment. If he or she successfully completes treatment, then judgment is not entered and the case is dismissed. If not, then judgment on the plea is entered. According to defendant, the distinction between pretrial and post-plea diversion for drug treatment is material and undermines reliance on the cases that dealt with pretrial diversion.

Defendant acknowledges that the language of section 1000, subdivision (b) requires the prosecutor's consent to deferred entry of judgment and gives

---

[6]On the other hand, in *People v. Superior Court* (*On Tai Ho*) (1974) 11 Cal.3d 59 [113 Cal.Rptr. 21, 520 P.2d 405], a companion case to *Sledge,* the court held that the statutory provision giving the prosecutor veto power over a court's decision to divert a defendant violated the doctrine of the separation of powers because the court's decision was an act of judicial power. (*Id.* at pp. 61, 65, 68.)

the prosecutor initial authority to determine eligibility. However, he asserts that when the Legislature changed the system from diversion to deferred entry of judgment, "it failed to comprehend the full implication of the new system and retained wording which was necessary to the diversion system but defeats some if not all of the purposes of the deferred entry of judgment system. As a result, blindly following the statute as construed by prior diversion-based case law would subvert the intent of the Legislature." Thus, defendant argues that we must liberally construe the statutory language to promote the purposes of the statute: "to permit small time drug users with no record to resolve a criminal case quickly by entering a rehabilitation program, and thereby both relieve court congestion and prevent otherwise law-abiding citizens who are amendable to rehabilitation from acquiring a criminal record." To this end, defendant claims the statute must be construed to permit the trial court to overrule the prosecutor's initial determination of ineligibility. We disagree.

■ In construing statutes, our fundamental goal is to "ascertain the intent of the Legislature so as to effectuate the purpose of the law." (*People v. Jenkins* (1995) 10 Cal.4th 234, 246 [40 Cal.Rptr.2d 903, 893 P.2d 1224].) To find intent, we first turn to the words of the statute. Viewing them in context and in light of the nature and purpose of the statute, we give the words their plain, everyday, commonsense meaning. However, because legislative intent ultimately prevails over statutory language, we do not adopt the literal meaning of words if it would lead to absurd results. Rather, we will, if possible, read the words so as to conform to the spirit of the statute. (*People v. Murphy, supra,* 25 Cal.4th at p. 142; *People v. Pieters* (1991) 52 Cal.3d 894, 898-899 [276 Cal.Rptr. 918, 802 P.2d 420].)

■ Defendant provides no evidence to support his belief that the Legislature made a mistake and inadvertently and unintentionally maintained the prosecutor's exclusive initial authority to determine eligibility. Nor does defendant provide any authority to suggest that, despite the language of section 1000, subdivision (b), the Legislature intended to *expand* the trial court's authority to overrule a prosecutor's initial determination.

■ On the other hand, we note that "when the Legislature amends a statute without changing those portions of the statute that have previously been construed by the courts, the Legislature is presumed to have known of and to have acquiesced in the previous judicial construction." (*People v. Blakeley* (2000) 23 Cal.4th 82, 89 [96 Cal.Rptr.2d 451, 999 P.2d 675]; accord, *People v. Atkins* (2001) 25 Cal.4th 76, 89-90 [104 Cal.Rptr.2d 738, 18 P.3d 660].) ■ Here, the plain language of the statute maintains the roles of the prosecutor and court concerning the initial determination of

eligibility. From this, we infer that the Legislature did not intend to change these roles. This inference finds support in the fact that the fundamental purpose of section 1000 has not changed over time despite legislative changes in its operation. (See *People v. Superior Court (On Tai Ho)*, *supra*, 11 Cal.3d at pp. 61-62;[7] *People v. Brackett*, *supra*, 25 Cal.App.4th at p. 493; *People v. Fleming* (1994) 22 Cal.App.4th 1566, 1569-1570 [28 Cal.Rptr.2d 78]; *Unzueta v. Ocean View School Dist.* (1992) 6 Cal.App.4th 1689, 1703 [8 Cal.Rptr.2d 614].)

Defendant claims that if we construe section 1000, subdivision (b) to deny trial courts the power to overrule a prosecutor's initial determination and position on deferred entry of judgment, then we would render the statute unconstitutional. He argues that "if [the relevant statutes] are construed so as to make deferred entry of judgment unavailable to a person who exercised his constitutional right to trial by jury [citation], the statutes would be unconstitutional on their face. It follows that the statutes should be construed so as to permit the trial court, where appropriate, to grant deferred entry of judgment to a defendant after trial." Defendant explains that under the former system of diversion, a defendant did not have to waive his or her right to trial as a precondition to diversion. "By contrast, the current deferred entry of judgment system is available only to the defendant who chooses to plead guilty. He does not have the chance to be tried by a jury if he opts for deferred entry of judgment and then fails the program, because failure of the program means automatic conviction on his suspended plea. He therefore must choose between deferred entry of judgment and the chance to be tried by a jury. If, on the other hand, he chooses to exercise his constitutional right to a trial by jury, he is barred from entering the deferred entry of judgment program."

We need not address this alleged constitutional problem because in this case it is irrelevant. Defendant was not denied deferred entry of judgment because *he exercised his right to a trial.* Indeed, in opposing defendant's request for deferral, the prosecutor did not suggest that defendant was ineligible because he did not plead guilty. Rather, the primary issue here is whether the trial court exceeded its authority in overruling the prosecutor's

---

[7]In *People v. Superior Court (On Tai Ho)*, *supra*, 11 Cal.3d at pages 61-62, the court explained that the diversion program serves two purposes: "First, diversion permits the courts to identify the experimental or tentative user before he becomes deeply involved with drugs, to show him the error of his ways by prompt exposure to educational and counseling programs in his own community, and to restore him to productive citizenship without the lasting stigma of a criminal conviction. Second, reliance on this quick and inexpensive method of disposition, when appropriate, reduces the clogging of the criminal justice system by drug abuse prosecutions and thus enables the courts to devote their limited time and resources to cases requiring full criminal processing." (Fn. omitted.)

initial determination of ineligibility and granting defendant's motion for deferred entry of judgment. Simply put, we fail to see how our understanding of section 1000, subdivision (b) implicates defendant's constitutional rights.

## IV.  *Disposition*[8]

The order granting defendant's motion for deferred entry of judgment is reversed. The matter is remanded to the trial court for sentencing and pronouncement of judgment.

Premo, Acting P. J., and Elia, J., concurred.

Respondent's petition for review by the Supreme Court was denied September 11, 2002.

---

[8]The People contend that the prosecutor's initial determination of ineligibility in this case is supported by substantial evidence. We presume the People's purpose is to preclude a subsequent appellate claim that the prosecutor erred in determining defendant's ineligibility. However, the propriety of the prosecutor's determination is not properly before us in this appeal. Therefore we decline to address the People's claim.