Filed 7/25/25  P. v. Talley CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B338924 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA035466) |
| v. | |
| ALONZO TREVON TALLEY, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Kelly Michelle Kelley, Judge.  Affirmed in part and dismissed in part.

Nancy Gaynor, under appointment by the Court of Appeal; Alonzo Trevon Talley, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Alonzo Trevon Talley appeals from orders denying his various motions and petitions for resentencing, a new trial, and dismissal of his convictions.  We appointed counsel to represent Talley on appeal.  After reviewing the record, counsel for Talley filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 that did not identify any arguable issues.  After independently reviewing the record and the contentions in Talley's supplemental brief, we have not identified any either.  We affirm the order denying one of Talley's motions and dismiss the remainder of the appeal as taken from nonappealable orders.

**FACTUAL AND PROCEDURAL BACKGROUND**

We described the factual background of this case in Talley's direct appeal.  (See *People v. Talley* (June 5, 2001, B142108) [nonpub. opn.].)  Talley lived with Vicketta Phillips, her two-year-old son Tyrone, and her nine-year-old daughter Ranesha.  On December 21, 1997, while Vicketta was at work, Talley sent Ranesha to buy candy.  When Ranesha returned home, Tyrone was lying on his bed and in pain.  Talley told Ranesha that he hit Tryone for drinking water from the toilet.  Talley took Tyrone into the master bedroom and closed the door.  Later, Talley came out of the bedroom and told Ranesha that Tyrone was not breathing.

Ranesha called her mother and attempted cardiopulmonary resuscitation on Tyrone.  Paramedics arrived and took Tryone to the hospital, where he underwent surgery.  The surgeon found Tyrone's liver was split, his spleen was torn, and his abdominal cavity was full of blood.  Tyrone died from his injuries.  An autopsy showed Tyrone also had a swollen brain, bleeding around his optic nerve and brain, three rib fractures, and bruises on his

lungs, abdomen, lower back, forehead, cheek, and rib cage.  The doctor who did the autopsy opined Tyrone bled to death as a result of blunt force trauma to his upper abdomen and head.

The People charged Talley with murder (Pen. Code, § 187, subd. (a)),[1] willfully inflicting upon a child cruel or inhuman corporal punishment or an injury resulting in a traumatic condition (§ 273d, subd. (a)), and assaulting a child under eight years of age by means of force likely to produce great bodily injury and resulting in the child's death (§ 273ab).  The jury was unable reach a verdict on the murder charge, but convicted Talley on the two remaining counts and found he personally inflicted great bodily injury on Tyrone.  The trial court declared a mistrial on the murder charge and dismissed it in the interest of justice.  The court sentenced Talley to 25 years to life.  We modified the judgment to include a $10,000 parole revocation fine (§ 1202.45) but otherwise affirmed.  (*People v. Talley*, *supra*, B142108.)

On March 12, 2024 Talley, representing himself, filed motions in the superior court seeking to vacate his convictions or sentence under section 1473.7, subdivision (a).  Talley also filed a request to recall his sentence and for resentencing under the Racial Justice Act (§ 745), a motion for discovery under sections 1054.1, 1054.5, and 1054.9, a motion to dismiss for discriminatory prosecution, and a petition for writ of mandate.  Talley asked the court, among other things, to "inquire into the legality of the egregious due process violation" committed by the District Attorney and to set aside his sentence because of changes in the law and the discovery of new evidence that (according to Talley)

---

[1]     Statutory references are to the Penal Code.

called into question the testimony of the forensic pathologist who testified at trial.

On May 10, 2024 the superior court denied, or took no action on, Talley's motions. The court stated that "a judge may recall and resentence a defendant on the court's own motion, or upon request from the Secretary of the [Department of Corrections and Rehabilitation], the Board of Parole Hearings, the county correctional administrator, the district attorney, or the Attorney General. Pursuant to Penal Code section 1172.1, subdivision (c), 'a defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond.' Accordingly, the court will take no further action on defendant's petition pursuant to Penal Code section 1172.1." The court also ruled: "The instant petition presents several claims raised and rejected in a prior habeas petition . . . . Such successive claims constitute an abuse of the writ of habeas corpus." The court denied Talley's motion under the Racial Justice Act for failure to make a prima facie showing, but granted a request by the public defender, who began representing Talley on April 18, 2024 on his Racial Justice Act claim, to file a supplemental motion on behalf of the Talley "if counsel chooses to do so." Talley timely appealed.

## DISCUSSION

As stated, we appointed counsel to represent Talley in this appeal. After reviewing the record, counsel did not identify any arguable issues and indicated "[t]his court should determine appealability." On June 20, 2025 counsel advised Talley that she was filing a brief stating she was unable to find any arguable

4

issues and that Talley could personally submit a letter brief stating any contentions he wanted the court to consider. Counsel also sent Talley the copy of the opening brief and the record on appeal.

On June 23, 2025 we received a five-page supplemental brief from Talley that included 235 pages of loosely organized exhibits consisting of partial medical records, trial testimony, previously filed motions and exhibits, text of state bills, and studies showing minorities are incarcerated at higher rates than other individuals. In his supplemental brief Talley again argues that he is entitled to a new trial and that this court should "inquire into the legality of the egregious due process violation that was committed by the Los Angeles County District Attorney's office in that it failed to provide exculpatory material." Talley also attached a form petition for writ of mandate challenging the superior court's order denying his claim under the Racial Justice Act and the superior court's decision not to take action on his motion for resentencing. The first issue, however, is whether the orders Talley purports to appeal from are appealable. (See *People v. King* (2022) 77 Cal.App.5th 629, 634 ["As we must, we first consider whether we have jurisdiction to decide this appeal."]; *People v. Wright* (1975) 47 Cal.App.3d 490, 492 ["We must first decide whether there is in existence an appealable order."].)

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) The superior court's decision not to rule on Talley's request for resentencing is not appealable. As the court explained in *People v. Faustinos* (2025) 109 Cal.App.5th

5

687, a "defendant is not entitled to file a section 1172.1 petition [or] to receive a ruling if he nevertheless files one.  It follows that an appeal from an order acting on his petition (whether couched as a denial, dismissal, or any other statement that the court is not acting) does not affect the defendant's substantial rights.  We lack the authority to rule on the merits of appeals from orders filed in response to a defendant's attempt to seek resentencing under section 1172.1." (*Faustinos*, at p. 696.)  Similarly, an order denying a petition for writ of mandate or habeas corpus, including a petition under the Racial Justice Act, is not appealable.  (*People v. Hodge* (2024) 107 Cal.App.5th 985, 1000, fn. 5; *People v. Hodges* (2023) 92 Cal.App.5th 186, 188; *People v. Gallardo* (2000) 77 Cal.App.4th 971, 983.)  Nor is an order denying a motion for a new trial.  (*People v. Ault* (2004) 33 Cal.4th 1250, 1261; *People v. Ashford University, LLC* (2024) 100 Cal.App.5th 485, 502, fn. 4.)  Thus, we must dismiss the appeals from these orders.  (See *People v. Baltazar* (2020) 57 Cal.App.5th 334, 342; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

An order denying a motion under section 1473.7, subdivision (a), which was one of the motions Talley filed, is appealable.  (See § 1473.7, subd. (f).)  Talley, however, is not eligible for relief under section 1473.7, subdivision (a), because he is still in custody.  (See *People v. Rodriguez* (2021) 68 Cal.App.5th 301, 305 ["[s]ection 1473.7 permits individuals who are no longer in custody to move to vacate a conviction or sentence"]; *People v. DeJesus* (2019) 37 Cal.App.5th 1124, 1132 ["to be eligible for relief pursuant to section 1473.7, [the defendant] cannot be in custody"]; *People v. Cruz-Lopez* (2018) 27 Cal.App.5th 212, 221 [to obtain relief under section 1473.7, "the individual cannot be in

custody or under restraint"].) Therefore, the superior court did not err in denying Talley's motion under section 1473.7, subdivision (a).

Neither Talley nor his appellate counsel has identified a cognizable legal issue. Our independent review has not identified one either. (See *People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232; see also *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The order denying Talley's motion under section 1473.7, subdivision (a), is affirmed. The appeal is otherwise dismissed.


SEGAL, J.

We concur:


MARTINEZ, P. J.


FEUER, J.

7